Argued June 5; reversed July 1, 1947

# NELSON *v.* NELSON
(182 P. (2d) 416)

*Leo Levenson,* of Portland (Samuel Jacobson, Goodman & Levenson, all of Portland, on brief) for appellant.

*F. C. Howell,* of Portland, for respondent.

Before ROSSMAN, Chief Justice and LUSK, BAILEY, HAY and WINSLOW, Justices.

BAILEY, J.

The plaintiff, Jeanne Nelson, has appealed from an order of the circuit court setting aside and canceling the following provision in the decree granting her a divorce from defendant, Alan Nelson:

"It is further Ordered, Adjudged and Decreed that the plaintiff shall have and recover of and from the defendant, as lump sum alimony, the sum of

$700.00, which shall be payable to plaintiff at the rate of $150.00 semi-annually, the first payment to commence December 12, 1946, and semi-annually thereafter.''

The question involved is whether this provision rests on a property settlement agreement or is merely an allowance for plaintiff's future maintenance and support.

During the month of May, 1946, Jeanne Nelson and Alan Nelson, her husband, entered into an agreement, which, omitting their signatures, reads as follows:

"Memorandum of agreement made and entered into this 25th day of May, 1946, by and between Jean Nelson, party of the first part and Alan Nelson, party of the second part.

"Witnesseth, Whereas, the parties hereto are husband and wife and that irreconcilable differences have occurred that have made it impossible to live together, and the parties have been and now are living separate and apart, and

"Whereas, the parties desire to settle their property rights between themselves,

"Now Therefore, it is hereby mutually agreed that the party of the first part shall be entitled to receive from the second party the sum of $4200.00 out of the sale of their dwelling house situate and being in Washington County, Oregon and which is described in that certain deed of conveyance recorded in Book 249 on page 711, Records of Deeds, Washington County, Oregon.

"It is agreed that from the sale or mortgage of said property the party of the first part shall be entitled to the sum of $3500.00 in cash, and the balance of $700.00 shall be payable to her at the rate of $150.00 semi annually, until said sum shall be paid.

"It is agreed that should party of the first part institute suit for divorce against second party, then

in the event a decree shall be entered in said suit it shall provide for the payment of said sum of $700.00 as above indicated.

"This agreement shall not prevent either party from contesting said suit but the purpose of this agreement is to determine their property rights. Each party shall pay their own costs of litigation. Party of the first part accepts the within settlement in full of any and all claims to alimony, support money, maintenance and costs.

"It is agreed that should a mortgage be arranged, then the costs thereof shall be shared equally between the parties.

"In witness whereof the parties have subscribed their hands the day and year above written."

Two days after the execution of this instrument, and on the 27th day of May, 1946, plaintiff, Jeanne Nelson, filed in the circuit court of the state of Oregon for Multnomah county a complaint against the defendant, Alan Nelson, in which she charged him with cruel and inhuman treatment and asked that she be granted a decree of divorce and for general relief. She did not ask specifically for an allowance for maintenance and support. Defendant made no appearance. On the trial plaintiff testified that the property rights of plaintiff and defendant had been settled and that in the settlement she was to receive $3,500 cash "and the balance of seven hundred dollars [$700.00] to be paid * * * in semi-annual payments of one hundred fifty dollars." The original agreement was admitted in evidence and became a part of the record. There was no evidence as to alimony or of defendant's financial ability to contribute to plaintiff's maintenance and support. The transcript of the proceedings shows that the court stated that "the agreement of the parties

will be approved.'' No specific reference, however, is made in the decree to the agreement.

On December 6, 1946, defendant filed a motion for a citation, directed to plaintiff, requiring her to appear and show cause why that part of the decree hereinbefore set forth ''should not be reformed, cancelled, and set aside.'' Accompanying this motion was an affidavit by defendant in which he states that within approximately two months after the decree of divorce plaintiff had married Lester Spence at Reno, Nevada, and was on the date of the affidavit living with him in Portland as his wife. Affiant further states that on his return from military service overseas, a short time prior to the filing of the complaint, plaintiff refused to live with him as his wife and ''demanded that one of us obtain a divorce and that the property consisting of the home, which was in the joint names of the plaintiff and defendant as husband and wife, be divided equally''; that he ''consented to said division of the property and obtained a mortgage on said premises and paid the plaintiff the sum of $3,500.00''.

In answer to the show cause citation plaintiff filed an affidavit in which she set forth a copy of the agreement, hereinbefore quoted, and stated that such agreement was submitted to and approved by the court, and ''based thereupon a decree of the court was entered to the effect that I was to have $700.00 which is rightfully due me as being my property'', and ''that no part of said sum was allowed to me in the way of maintenance and support.''

Three affidavits were filed by the defendant and two by the plaintiff. These constituted all of the evidence on the motion to modify the decree. In one of his affidavits defendant states that the real property,

which was held by him and his wife as tenants by the entirety, was mortgaged for $3,700.00; that $3,500.00 of that amount was paid to the plaintiff; and that "the said sum of $3,500.00 is in excess of one-half of the value of said real property." He further states that the $700.00 which he had agreed to pay to plaintiff "was not in consideration of a property settlement but was for support or alimony as my said wife was not regularly employed after my discharge from the army." The plaintiff denies that the $700.00 was for alimony and reiterates that it was based upon a property settlement. She also states that the property was reasonably worth the sum of $8,500.00.

It appears from the affidavits that the real property described in the agreement was purchased by the joint efforts of plaintiff and defendant, but it is not clear which one contributed the greater portion of the purchase price. Other matters which occurred before the execution of the agreement and which are irrelevant to the issues before us are referred to in the affidavits.

Plaintiff admits that she remarried in the state of Nevada within two months after she was granted a divorce. This was in direct violation of the inhibition against her remarrying within six months contained in the decree and in § 9-916, O. C. L. A., as amended by chapter 70, Oregon Laws 1941. No question, however, is raised as to the validity of this marriage.

■■ The remarriage of a divorced wife does not *ipso facto* cancel the obligation to pay the installments of alimony awarded her by the decree. *Hartigan v. Hartigan,* 142 Minn. 274, 171 N. W. 925. Nevertheless, it is such a change in the situation of the parties as to furnish the court a cogent reason for modifying the decree. *Warrington v. Warrington,* 160 Or. 77, 83 P.

(2d) 479. It would not be good public policy to compel a divorced husband to support his former wife after she had remarried, except under extraordinary conditions which she should be required to prove. *Atlass v. Atlass,* 112 Cal. App. 514, 297 P. 53; *Warrington v. Warrington,* supra. There are no such extraordinary conditions in this case.

■ An award of alimony is incidental to the granting of a decree of divorce and is not dependent upon allegations relating to alimony or upon a specific request therefor. *Cox v. Cox,* 158 Or. 74, 74 P. (2d) 983. Plaintiff asked for general relief, and would have been entitled to alimony if justified by the evidence before the court.

■ The fact that neither the complaint nor the evidence introduced in the divorce proceedings refers to alimony or the ability of defendant to contribute toward plaintiff's maintenance can not be ignored in deciding whether the provision in the decree for the recovery by plaintiff from defendant of the sum of $700.00 is referable to an allowance for the support and maintenance of plaintiff or to a property settlement. The paragraph in the decree which the circuit court set aside and canceled provides that "plaintiff shall have and recover of and from the defendant * * * the sum of $700.00," payable at the rate of $150.00 semiannually. This is the language ordinarily used in a judgment for the recovery of a definite sum of money. The following quotation from *Miller v. Superior Court,* 9 Cal. (2d) 733, 72 P. (2d) 868, is apposite: "One difference between an award of alimony and an ordinary money judgment is that the ordinary judgment does not order the defendant to pay anything, it simply adjudicates the amount owing, while the

award of alimony, though partaking of the nature of a judgment, goes further and is a direct command to the defendant to pay the sums therein mentioned." The foregoing excerpt is quoted with approval in *Thomas v. Thomas,* 14 Cal. (2d) 355, 94 P. (2d) 810, with this observation: "An order to pay alimony may be enforced by contempt proceedings."

■ There was no evidence whatsoever in the divorce proceedings which would have supported a decree requiring defendant to contribute to the maintenance of plaintiff. On the other hand, there was plaintiff's testimony as to the property settlement, corroborated by the written contract. This evidence was in support of the allegation in the complaint that "the property rights have been adjusted between the parties." The provision in the decree granting plaintiff judgment against the defendant for $700.00 justifies the conclusion that it was an approval of the contract and not an allowance of maintenance to plaintiff. *North v. North,* 339 Mo. 1226, 100 S. W. (2d) 582, 109 A. L. R. 1061.

■ The paragraph in the decree which was stricken out by the circuit court specified that "plaintiff shall have and recover of and from the defendant, as lump sum alimony, * * *." What the circuit court meant by the use of the phrase "as lump sum alimony" is not clear. It was pointed out in *State ex rel. v. Casey,* 175 Or. 328, 335, 153 P. (2d) 700, that the word "alimony" in a strict legal sense means "an allowance which the husband is required to pay to the wife for her maintenance pending or following her divorce or legal separation from him", but that in a broader sense it covers an award made for the support of minor children. See also *Cogswell v. Cogswell,* — Or. —, 167 P. (2d) 324.

Alimony, however, is used in some instances to designate the amount allowed the divorced wife in settlement of property rights and when so used is not affected by her remarriage. For instance, it is said in *Cary v. Cary,* 112 Conn. 256, 152 A. 302, that if "the alimony decreed was in lieu of dower, or in settlement of the property rights acquired by her, the authorities hold that the alimony is not affected by the wife's remarriage." To the same effect see annotations in 30 A. L. R. 89, 64 A. L. R. 1275, and 112 A. L. R. 257. See also *Spear v. Spear,* 158 Md. 672, 149 A. 468; *Dickey v. Dickey,* 154 Md. 675, 141 A. 387, 58 A. L. R. 634; *North v. North,* supra.

■ In our opinion the judgment awarded plaintiff against defendant in the divorce decree was not for alimony, in the sense that the word is generally used, but was based upon and limited to the property settlement voluntarily entered into by the parties to this litigation. It was therefore not affected by plaintiff's remarriage.

The order appealed from is reversed and defendant's motion for modification of the decree is denied. Plaintiff will recover costs in this court.