Argued January 30, affirmed March 5, 1973

REED, *Respondent, v.* REED, *Appellant.*

507 P2d 55

*Darrell E. Bewley and Francis F. Yunker,* Port-

land, argued the cause and filed the briefs for appellant.

*Paul J. Kelly, Jr.,* Legal Aid Service—Multnomah Bar Association, Inc., Portland, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

THORNTON, J.

This is a suit for modification of the alimony provision of a divorce decree. Defendant husband contends that, since plaintiff has remarried, his obligation to pay alimony should end. The trial court denied defendant's motion seeking modification, and he appeals. We affirm.

The parties to this appeal were married in 1946, and divorced effective June 7, 1971. The divorce decree awarded plaintiff $100 per month as permanent alimony. The decree did not specify that alimony would terminate on the plaintiff's remarriage.

On December 4, 1971, plaintiff married a Mr. Hansen. However, on January 4, 1972, she separated permanently from Mr. Hansen.

Meanwhile, defendant had learned of his ex-wife's remarriage, and he also married again on January 1, 1972. On February 3, 1972, defendant filed his motion to terminate alimony payments.[1] An initial hearing on his motion was held on February 25, 1972.

---

[1] In his motion the defendant sought to terminate all alimony accruing after plaintiff's December 4, 1971, remarriage. However, modification can only be granted as to payments accruing from the filing date of the motion, February 3, 1972. ORS 107.135(2).

Plaintiff and Mr. Hansen were divorced on May 22, 1972. Plaintiff received neither property nor support as a result of this divorce.

After a second hearing on defendant's motion to set aside alimony, held on June 2, 1972, the court denied the motion.[2]

Defendant contends that this denial is error.

■ Defendant first argues that his obligation to plaintiff should terminate, claiming that she is an alcoholic and that he has devoted considerable time and money seeking help for her. Defendant's argument is without merit. A suit seeking modification of a divorce decree is only concerned with any change in circumstances occurring *since the divorce. Hurner v. Hurner,* 179 Or 349, 170 P2d 720 (1946). Whatever the plaintiff's condition and defendant's efforts to help her, as defendant himself admits, these circumstances antedated the divorce and are irrelevant to this suit.

Defendant next contends that plaintiff's remarriage should terminate alimony.

In response, plaintiff argues that the "alimony" awarded her, in fact, represents consideration for a property settlement, rather than payment for support and maintenance.

2. Previous cases have noted the ambiguity of the term "alimony." *Nelson v. Nelson,* 181 Or 494, 502, 182 P2d 416 (1947); *Phy v. Phy,* 116 Or 31, 236 P 751,

---

[2] Although the parties' divorce occurred before the 1971 revision of ORS ch 107, still the modification of the decree is governed by the "new" law. See Oregon Laws 1971, ch 280, § 29(2). In any event, the former modification statute, ORS 107.130, and the newly enacted one, ORS 107.135, are equivalent except for certain changes in style.

240 P 237 (1925). Here, if defendant's payments to plaintiff do represent a property settlement, instead of support, then plaintiff's remarriage would not affect the payments, and we could not modify the settlement on this appeal. ORS 107.135. *Hurner v. Hurner,* supra, 179 Or at 355; *Phy v. Phy,* supra.

The evidence does not clearly indicate whether plaintiff's "alimony" award was intended to represent a property settlement between the parties, or whether the payments were solely for support. The parties did reach a property settlement agreement, which was incorporated in the divorce decree, and plaintiff did reduce her claim on the marital property subsequent to the agreement. However, the parties disagree as to plaintiff wife's contributions to their property.

Defendant, before the divorce, was paying $75 a month to the Welfare Recovery Division for plaintiff's support. The property settlement agreement provided that by paying $100 a month defendant was relieved of the $75 monthly payment to the Welfare Recovery Division. From this it could be inferred that the additional $25 a month was intended as a payment for a property settlement. Defendant himself seemed uncertain as to why he agreed to pay plaintiff "alimony," while plaintiff maintains the award represents a settlement of property rights. However, we need not resolve this question.

Even if the "alimony" here was solely for plaintiff's support and maintenance, we feel the trial court correctly denied defendant's motion seeking modification.

"The remarriage of a divorced wife does not *ipso facto* cancel the obligation to pay the installments of alimony awarded her by the decree * * *. Nevertheless, it is such a change in the situation

of the parties as to furnish the court a cogent reason for modifying the decree * * *. It would not be good public policy to compel a divorced husband to support his former wife after she had remarried, except under extraordinary conditions which she should be required to prove * * *." *Nelson v. Nelson,* supra, 181 Or at 499.

*See also, Warrington v. Warrington,* 160 Or 77, 83 P2d 479 (1938); *Phy v. Phy,* supra; *Brandt v. Brandt,* 40 Or 477, 67 P 508 (1902).

■ The record indicates that the trial judge applied this rule, and required the plaintiff wife to advance evidence of "extraordinary conditions." In denying the defendant's motion, and continuing alimony payments, the trial court found such conditions in the extreme brevity of plaintiff's remarriage, and in the defendant's financial position, which had improved since the parties' divorce, and the plaintiff's continuing need.

The record supports these findings. Plaintiff was working at the time of the divorce, and she has worked thereafter, but her earnings have been relatively meager. She lived with Mr. Hansen only one month, has received only $20 support from him since their separation, and was awarded nothing by their divorce decree.

Although defendant has himself remarried, his new wife is employed, and the remarriage, if anything, has improved his financial position. Defendant has worked since the parties' divorce, receiving pay increases. At the time of the second hearing on the motion to terminate alimony, defendant was absent from work due to an operation, but he testified that insurance and sick pay would substantially cover these costs, and that he could soon return to work.

We agree with the trial court that the evidence established conditions which would permit a continuation of alimony despite the plaintiff's brief remarriage.

Affirmed.