# In the Matter of the Dissolution of the Marriage of
## HILLYER, *Respondent,*
### *and*
## HILLYER, *Appellant.*
## (No. 84363, CA 7105)

562 P2d 205

Jerome L. Noble, Dallas, argued the cause for appellant. With him on the brief was Hayter, Shetterly, Noble & Weiser, Dallas.

H. David Price, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Appellant-father appeals from the modification of a February 1975 dissolution decree requiring him to pay spousal support of $150 a month for an additional 12 months.

The original dissolution decree required appellant to pay $100 per month in child support for each of three children and $200 per month for 18 months in spousal support. Fifteen months later respondent moved to modify the decree, asking that the child support be increased to $150 per month per child. After a hearing, the court denied the request for additional child support and, on its own motion, required appellant to pay spousal support of $150 a month for an additional 12 months.

Even assuming that the court had the power to increase the term of the spousal support in the absence of a request by respondent, *see Watson v. Watson,* 251 Or 65, 444 P2d 476 (1968), a modification of the decree is only warranted if justified by a change of circumstances. *Howser v. Howser,* 2 Or App 474, 469 P2d 790 (1970). Respondent contends that a change in circumstances has occurred in that two of the children are likely to incur substantial medical expenses in the near future. Should these expenses occur, they might be the basis for a motion to modify the child support provisions of the decree; however, as the expenses relate solely to the cost of supporting the children, they cannot be the basis for an increase in spousal support.

Respondent next contends that the modification is justified by husband's increase in income. As was stated in *Feves v. Feves,* 198 Or 151, 163, 254 P2d 694 (1953):

"In a motion for modification of a decree to increase or decrease the amount of alimony payments the financial status of the former husband is an important factor to consider in connection with his ability to pay. But his improved financial status, if any, does not of itself

ordinarily warrant an increase, and the amount of such increase, if it be determined that an increase is necessary and proper, is usually governed by considerations different from those which apply to an original allowance at time of decree. It is largely governed by the necessities of the former wife and the ability of the former husband to pay."

The trial judge awarded attorney fees to respondent without stipulation or evidence as to reasonableness. He was in error. *Barrong and Barrong,* 25 Or App 347, 549 P2d 530, Sup Ct *review denied* (1976).

Reversed. Costs to neither party.