HELEN J. BOHNENKAMP and JAMES F. BOHNENKAMP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Bohnenkamp v. Commissioner
Docket No. 5466-76.
United States Tax Court
T.C. Memo 1977-295; 1977 Tax Ct. Memo LEXIS 144; 36 T.C.M. (CCH) 1176; T.C.M. (RIA) 770295; August 31, 1977, Filed John R. Hay and Joel D. Kuntz, for the petitioners. James J. Posedel, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined deficiencies in petitioners' Federal income tax returns as follows: Taxable year
Deficiency
1971
$1,110.07
1 92
1,304.00
1 3
1,473.00
The issue remaining for decision is whether any of the amounts received in 1971, 1972 and 1973 by petitioner from her former husband under paragraph IV or IX of their separation agreement are includible in petitioners' gross income under section 71. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition herein, petitioners resided in La Grande, Oregon. Petitioners filed their Federal income tax returns for the taxable years 1971, 1972 and 1973 with the *146 Internal Revenue Service Center, Ogden, Utah. Petitioners accounted for their Federal tax liabilities during all the years in issue using the cash basis method of accounting. Helen J. Bohnenkamp (hereinafter sometimes referred to as Helen) and Donald H. Phillips (hereinafter sometimes referred to as Donald) were married January 23, 1949. Five children were born of that marriage. In 1969 Donald sued Helen for divorce. On January 14, 1970, the parties entered into a separation agreement which was incorporated in the decree of divorce granted to Donald and Helen on the same date. The decree was modified on March 22, 1972, reducing the monthly payment and granting Donald custody and control of two of their daughters. At the time of their divorce, Helen held an undivided one-half interest in the family residence and the household furnishings, a savings account, an automobile and two pieces of real property. Under the terms of the separation agreement, Helen relinquished her interest in the two pieces of real property and Donald relinquished his interest in the residence, household furnishings, the automobile and savings accounts. During each of the years 1971, 1972 and 1973, *147 Helen received the sum of $100.00 per month pursuant to paragraph IV of the agreement. Paragraph IV of the separation agreement provided: Plaintiff shall pay to the Clerk of the Court as Defendant's alimony and support the monthly sum of $225.00 with the first payment to be made on or before January 15, 1970 and subsequent payments on or before a like date each month thereafter, so long as she lives and without regard to the future marital status of either party, and regardless of any change of circumstances except as herein set forth, and subject to the following reductions: a reduction of $25.00 monthly when DEBORAH GAIL PHILLIPS terminates her residence with Defendant; a reduction of $100.00 monthly when MINDA JO PHILLIPS terminates her residence with Defendant; a reduction of $100.00 when TAMI SUE PHILLIPS terminates her residence with Defendant; a resumption of residence shall reinstate the amount of the reduction; each party shall in writing inform the Clerk of the Court to which support payment [sic] are being made of any change in his or her home or business address within 10 days after the change of such address. Petitioners did not include any portion of the $100.00 *148 per month in their gross income during any of the years in issue. The agreement further provided for Donald to pay Helen $70.00 annually for the payment of her "contemplated life insurance." Paragraph IX of the separation agreement provided that: So long as defendant lives, but regardless of either of the parties' future marital status and regardless of any other change of circumstances except as herein set forth, and without any reductions whatever, plaintiff shall pay to the Clerk of the Court the sum of $27,895.00 payable monthly as follows: not less than the sum of $275.00 on or before January 15, 1970 and continuing with a like monthly payment of not less than $275.00 on or before the 5th day of each month thereafter, until the same is fully paid. As to the provisions of this paragraph and the balance of this instrument consisting of all of the preceding and subsequent paragraphs, they shall survive Plaintiff's death and be binding upon and charged against the estate, executors, administrators, successors and assigns of the Plaintiff. As to the provisions of this paragraph and the balance of this instrument consisting of all of the preceding and succeeding paragraphs, *149 neither party shall maintain any action, suit or any proceeding against the other which in any way seeks to change, modify, amend or reform any of the provisions of this entire instrument (except those granting Defendant custody of the minor daughters), and each shall indemnify and hold harmless the other from all demands, claims, costs, attorneys fees and all financial loss and detriment, present and prospective, which may occur from any such proceeding (except any relating to custody of the minor daughters). Helen received $3,300.00 per year pursuant to this paragraph of the agreement. Petitioners did not include any of this amount in the gross income for the years in issue. Respondent determined the amounts received under paragraph IV and IX of the separation agreement were includible in petitioners' gross income as alimony under the provisions of section 71. OPINION Donald and Helen Phillips were divorced in 1970. Just prior to the granting of the divorce, Donald and Helen entered into a separation agreement. The agreement provided for Donald to pay $225.00 monthly to Helen with the payments being subject to reduction when each child leaves Helen's residence. The agreement *150 also provided for Donald to make payment of $27,895.00 to Helen in monthly installments of $275.00. The monthly payments were subject to the contingency of Helen's death. During each of the years 1971, 1972 and 1973, Helen received $100.00 per month pursuant to paragraph IV and $275.00 per month pursuant to paragraph IX of the separation agreement. Petitioners did not include any of the amount received by Helen pursuant to paragraph IX of the agreement and contend the amounts are not includible since the payments were for the support of Donald and Helen's children. Respondent determined the amounts received under paragraph IV and IX of the separation agreement were includible in petitioners' gross income as alimony under the provisions of section 71. Section 71(a)(1) provides that a divorced or legally separated wife must include as part of her gross income periodic payments received from the husband pursuant to a decree. Section 71(b) provides that section 71(a): * * * shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of *151 minor children of the husband. * * * In order for section 71(b) to apply, the payments must be "fixed" under the separation agreement as child support. It is clear from the language of paragraph IV that the parties intended the amounts paid thereunder to be for the support of the children. However, it is well established that a mere indication of intent is not sufficient to fix the amounts as child support as required under section 71(b). Commissioner v. Lester,366 U.S. 299 (1961). The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any payment is excluded from the wife's income. Lester,Id. at 303. The terms of paragraph IV, do not specifically designate or "fix" a sum to be paid as child support. Accordingly, the amounts received by Helen under paragraph IV are includible in petitioners' income as alimony. Petitioners contend that the payments received pursuant to paragraph IX of the separation agreement are not in the nature of alimony and therefore not includible in their gross income. Section 71(a)(1) provides that a divorced or legally separated wife's gross income includes *152 periodic payments received after the decree of divorce or separate maintenance in discharge of a legal obligation which, because of the marital relationship, is imposed on the husband under the decree or a written instrument incident to such divorce or separation. Section 71(c)(1) provides that for the purpose of section 71(a), installment payments discharging part of an obligation, the principal sum of which is either in terms of money or property specified in the decree or agreement, should not be treated as periodic payments. As such, the payments would not be includible in petitioners' income. Section 71(c)(2) and section 1.71-1(d)(3), Income Tax Regs., provide two exceptions to the provisions of section 71(a) and treat payments discharging part of a principal sum as periodic payments under certain circumstances. Section 71(c)(2) provides that when the period for payment is more than 10 years such payments qualify as periodic for purposes of section 71(a). Section 1.71-1(d)(3), Income Tax Regs., provides that when payments are to be paid over a period of 10 years or less, such payments are not installment payments discharging a part of the specified principal sum, but are *153 considered periodic payments if they meet the following conditions: (a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and (b) Such payments are in the nature of alimony or an allowance for support. Since the agreement specified that the sum of $27,895.00 is payable in monthly installments until paid in full, the principal sum would be fully paid within 10 years. Accordingly, the payments must be treated as installment payments discharging part of a principal sum unless they are excluded from such treatment because of the conditions set forth in (a) and (b) of section 1.71-1(d)(3), Income Tax Regs.
The terms of paragraph IX condition the payments upon the life of Helen, therefore, the contingency test is met. Accordingly, in order for the payments to be treated as periodic and included in petitioners' income, the payments must be in the nature of alimony or an allowance for support rather than a division of the parties' property. The language in paragraph IX of the agreement indicates that the payments were not in the nature of alimony. Under Oregon *154 law, alimony payments are subject to modification by the court upon a showing of changed circumstances. Jensen v. Jensen,249 Or. 423, 438 P.2d 1013 (1968). If the payments were in the nature of alimony, they should be subject to the same modifications under Oregon law as alimony payments. Paragraph IX expressly precludes a modification under any circumstances. Furthermore, the fact that the payments did not cease on Helen's remarriage is indicative that the payments were for a property settlement rather than for Helen's support. Otherwise, Donald would be supporting his former wife after her remarriage which is clearly contrary to public policy. See Nelson v. Nelson,181 Or. 494, 182 P.2d 416 (1947). While not conclusive in itself, the existence of a fixed sum due in the agreement strongly indicates that a property settlement was intended. Land v. Commissioner,61 T.C. 675 (1974). Further evidence of the fact that the payments were not in the nature of alimony is the fact that the payments are not keyed to Donald's income. A fluctuating payment indicates an intent that the payment is in satisfaction of an obligation of support. *155 Dixon v. Commissioner,44 T.C. 709 (1965). However, the agreement did not provide for any fluctuation or modification in the payments. Helen was to receive $27,895.00 regardless of whether she remarried or needed more or less to maintain her standard of living. Donald, on the other hand, was liable for payments regardless of any changes in his financial situation.
The fact that the payments were due in all events except Helen's death and Donald's estate would be charged with the payment of the amount in the event of his death and Donald paid Helen $70.00 per year, which she could choose to use to purchase a life insurance policy on her life to guarantee the payment of $27,895.00 in the event of her death, is also an indication of a property settlement. The above factors lead the Court to the conclusion that Donald's payments pursuant to paragraph IX were part of a property settlement and not in the nature of alimony. As such, the payments do not meet the requirements of section 1.71-1(d)(3), Income Tax Regs., and thus cannot be treated as periodic. Accordingly, the payments are not includible in petitioners' income under section 71(a). Decision will be entered *156 under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩