Submitted July 10, affirmed as modified October 16, reconsideration
denied November 16, 1978, Sup Ct rev denied January 9, 1979, 285 Or 1

In the Matter of the Dissolution of the Marriage of
EASTON, *Respondent,*
*and*
EASTON, *Appellant.*
(No. 76-3847, CA 10361)
585 P2d 46

Thomas Easton, Eugene, filed briefs pro se for appellant.

Laurie K. Smith, Eugene, filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Husband appeals from two orders entered by the trial court, one concerning visitation and the other concerning child support. He assigns three errors, only one of which requires discussion.

On June 7, 1977, the trial court entered a decree dissolving the 10-year marriage of husband and wife and awarding custody of the couple's four-year-old child to the wife. The source of the issues raised here on appeal is the subsequent attempt by each party to modify the decree, the husband seeking limited visitation rights and the wife seeking child support.

On January 16, 1978, a show cause hearing was held upon a motion by the husband, and on January 25, 1978, the trial court entered an order permitting the husband limited and supervised rights of visitation.

Shortly after the visitation proceedings were completed, the wife sought modification of the child support provision of the decree. A hearing was held on February 15, 1978, at which the court heard evidence of the parties' respective incomes, expenses, debts and assets. On February 23, the court ordered husband to pay $75 per month in child support. The court also awarded wife $200 in attorney's fees to be paid by husband.

Husband claims that the court erred in awarding $200 attorney's fees to the wife because the record contains neither appropriate evidence as to the reasonableness of the fees nor a stipulation that such evidence need not be introduced. Husband is correct: the order in the support proceeding is modified by eliminating the provision for payment by husband of $200 for attorney's fees. *Hillyer and Hillyer,* 28 Or App 867, 870, 562 P2d 205 (1977); *Barrong and Barrong,* 25 Or App 347, 549 P2d 530, *rev den* (1976).

In all other respects, the order of the trial court is affirmed. No costs to either party.