In the Matter of the Marriage of

## CARTER,
*Appellant,*

*and*

## CARTER,
*Respondent.*

(No. 78-0550, CA A20324)

634 P2d 265

Richard D. Curtis, Eugene, argued the cause for appellant. With him on the brief was Curtis & Strickland, Eugene.

Ann Aiken, Eugene, argued the cause for respondent. With her on the brief was Sahlstrom & Dugdale, Eugene.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals the denial of his motion to modify a decree of dissolution by eliminating the requirement that he pay permanent spousal support to wife. We reverse.

The parties were married approximately twenty-five years at the time the decree of dissolution was entered on June 7, 1978. The parties' children were emancipated at that time. The decree awarded wife the family residence and required her to pay the monthly mortgage payments and any taxes or assessments relating to the property. She was awarded permanent spousal support of $150 per month. At the time of the decree, wife was earning approximately $500 per month. At the time of the hearing in this proceeding, she had terminated her employment and was receiving $300 per month unemployment compensation.

In September, 1980, wife remarried and moved from the residence she had acquired by the decree into the home of her new husband. Her former residence has been rented for $350 per month. From this amount she pays $122 per month on the outstanding mortgage and $80 per year for homeowner's insurance. Wife's new husband earns approximately $30,500 per year gross salary. He owns a house valued at approximately $76,000 and a savings account with a balance of $10,000.

Husband has worked for the same employer for approximately 25 years. Just prior to the dissolution, his net income was approximately $1,100 per month. At the time of the hearing on his motion to modify the decree, his net earnings averaged approximately $1,400 per month, which included occasional overtime wages. Husband has not remarried. He built a house following the dissolution proceedings and has a monthly mortgage payment of $401.74.

It appears from the record that both families live to the limit of their incomes. Wife testified that any income she produces is used for family expenses and that her income is necessary for the family to meet all of their expenses.

In *Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), the court held that remarriage of a dependent spouse did not automatically terminate the spousal support obligation. Reduction or elimination of spousal support must be based on a change of circumstances relative to the support award, and remarriage of the dependent spouse is one factor to be considered. One of the principal purposes of spousal support identified in *Grove* is to provide the dependent spouse with a standard of living reasonably commensurate with that enjoyed during the marriage. The Supreme Court also identified in *Grove* a primary policy of ending the support dependency relationship within a reasonable time if that can be accomplished without undue hardship.

■ In determining if spousal support should be terminated, we must determine if the present circumstances of wife are such that the reasons for the initial award no longer exist. Wife argues that her personal income is less now than at the time the decree was entered, while husband's financial circumstances have improved. She contends that any income she produces is necessary for her present family to maintain an adequate standard of living. Wife suggests that if her new marriage, which is presently of short duration, terminates in dissolution, she will be left without an adequate means of living if spousal support is terminated.

Although a statistical analysis may demonstrate that a large proportion of marriages end by dissolution, we decline to base a decision as to the need for continuing spousal support on the speculation that a new marriage will be dissolved. A marriage is presumptively entered into as a long-term commitment, and we proceed on the assumption that wife's new marriage will endure.

■■ Although the spending habits of a family may affect the actual standard of living enjoyed, those spending habits are less important than the funds available. A family may suffer a reduced standard of living because of improvident fiscal management or may choose a lower standard in order to invest for the future. The critical inquiry in determining if spousal support should be terminated is whether the wife's present circumstances enable

her to enjoy a standard of living reasonably commensurate with that enjoyed during her former marriage. We conclude that here wife's remarriage to a man who is financially able to provide that standard of living justifies termination of spousal support. The funds available to wife, even without income she produces, are greater than husband's income. Wife is able, if she chooses, to enjoy a standard of living at least equal to that she enjoyed during her former marriage.

The order denying husband's motion to modify the decree is reversed, and the decree is modified to eliminate the provision requiring husband to pay spousal support.

Reversed. No costs to either party.