Argued and submitted January 19, affirmed February 16, 1983

In the Matter of the Marriage of
# CONCA,
*Respondent,*
*and*
# CONCA,
*Appellant.*

(418-592; CA A24603)

658 P2d 542

Ronald E. Hergert, Oregon City, argued the cause for appellant. With him on the brief was Hibbard, Caldwell, Bowerman, Schultz & Hergert, Oregon City.

Allan F. Knappenberger, Portland, argued the cause for respondent. With him on the brief was Knappenberger & Tish, P.C., Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Wife moves to modify a dissolution decree to delete a provision for automatic termination of husband's spousal support obligation in the event of her remarriage.[1] The trial court denied the motion, and she appeals. We affirm.

The parties were married in 1947 and divorced in 1976. The decree provided:

"2. Petitioner * * * shall pay as alimony and as contribution to the support of respondent the following sums:

"A. The sum of $1,000 per month commencing with the month of March, 1976, for a period of 36 months;

"B. Thereafter the sum of $750 per month for a further period of 24 months;

"C. Thereafter permanent alimony in the sum of $500 per month for the life of the respondent * * *.

"The said support and alimony will be automatically terminated in the event of the death of [respondent] or in the event of her remarriage."

Neither party appealed. On September 19, 1977, wife remarried. Husband was then current with his spousal support payments. On September 20, 1977, he advised the Department of Human Resources that wife had remarried. The Department administratively terminated husband's support obligation, and he paid no more. Wife took no responsive action until this proceeding in 1981.

Wife argues that the trial court was without "jurisdiction" to insert the automatic termination provision in the decree and that the provision is void. She cites case law to the effect that a wife's subsequent remarriage does not *ipso facto* terminate a former husband's support obligation.[2] However, those cases hold only that remarriage is not, in and of itself, a substantial change of circumstances sufficient to support modification of a decree. There is nothing in the statutes or case law denying a trial court the power to

---

[1] Wife also moved to require husband to pay $39,000 in spousal support "accrued" since her remarriage.

[2] *Nelson v. Nelson,* 181 Or 494, 182 P2d 416 (1947); *Warrington v. Warrington,* 160 Or 77, 83 P2d 479 (1938); *Brandt v. Brandt,* 40 Or 477, 67 P 508 (1902); *Reed v. Reed,* 12 Or App 371, 507 P2d 55 (1973).

insert an automatic spousal support termination provision in a decree. In *Grove and Grove,* 280 Or 341, 355, 571 P2d 477 (1977), the court stated:

"If remarriage by the supported spouse is not, as a matter of law, grounds for automatic termination of spousal support, we cannot approve the general practice of inserting provisions to that effect in support decrees as a matter of routine. Unless there is a reason, at the time the decree is entered, to predict a remarriage will substantially change the circumstances relevant to the support award, the question of the effect of remarriage upon a support decree should await the event and proper application for modification of the decree."

In this case we are not concerned with why the termination provision was inserted. Husband's support obligation ended when wife remarried. A court may not, in a modification proceeding, add an obligation if none exists in the decree. *See Johnson v. Johnson,* 245 Or 10, 419 P2d 28 (1966). A motion for modification is not a substitute for an appeal. *Bridges v. Bridges,* 15 Or App 275, 515 P2d 427 (1973).

Wife also argues that husband was required to move for termination of spousal support. She cites ORS 107.135(2):

"The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money * * * which has accrued prior to the filing of such motion."

She maintains that, under this statute, husband's support obligation continues, because he did not move to terminate it. The statute says only that until a motion to modify, alter or set aside a money judgment is made, obligations under the judgment continue to accrue, and a trial court cannot retroactively modify them. No payments were due after wife's remarriage, because husband's support obligation ceased by the terms of the decree. There was no support obligation left to modify. *See Cupp and Cupp,* 28 Or App 593, 560 P2d 291 (1977).

Affirmed. Costs to husband.