Argued and submitted July 16, 1982, resubmitted in banc March 9, modified
March 16, 1983

## In the Matter of the Marriage of

### WILSON,
*Respondent,*
*and*
### WILSON,
*Appellant.*

(79-7-367; CA A23865)

660 P2d 188

Ronald E. Hergert, Oregon City, argued the cause for appellant. With him on the brief was Hibbard, Caldwell, Bowerman, Schultz & Hergert, Oregon City.

Elizabeth F. Cosgriff, Portland, argued the cause for respondent. With her on the brief were George M. Galloway, and Stoel, Rives, Boley, Fraser and Wyse, Portland.

RICHARDSON, J.

VAN HOOMISSEN, J., concurring in part; dissenting in part.

## RICHARDSON, J.

Husband seeks modification of a dissolution decree to terminate his $200 per month permanent spousal support obligation, relying primarily on wife's remarriage. The trial court refused to modify the decree on the ground that there was not a sufficient unanticipated change in circumstances. Husband appeals that ruling and also assigns as error the trial court's award of attorney fees to wife.

The dissolution decree was entered April 18, 1980, *nunc pro tunc* April 2, 1980. At that time husband was 55, wife was 51, and they had been married 18 years. In June, 1980, wife married, a man with whom she had been living for over a year. Wife's new husband was unemployed at the time of their marriage. He subsequently worked part time as a cook, earning approximately $5,000. At the time of the modification hearing, he had quit work to attend school, which he projected he would complete in 1983. Since the decree, wife's gross earnings have increased from approximately $4 an hour to $5.89. Husband stated in his affidavit that he was unaware of wife's actual marriage date until just before the modification hearing, but he testified that at the time of the dissolution hearing he knew that she intended to get married.

■ Generally, the moving party has the burden of proving that modification of the support provisions of the decree is justified by a substantial change in circumstances. *Abraham v. Abraham,* 248 Or 163, 432 P2d 797 (1967). Citing *Reed v. Reed,* 12 Or App 371, 507 P2d 55 (1973), husband contends that, because of her remarriage, the burden of proof has shifted to wife to show that there has *not* been a substantial change in circumstances.

*Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), held that remarriage of the dependent spouse does not automatically terminate the spousal support obligation. Accordingly, except under special circumstances, a dissolution decree should not provide for automatic termination of spousal support on remarriage. The court did not discuss the contours of the burden of establishing a change of circumstances in the event of remarriage. In *Reed and Reed, supra,* we discussed

the burden of proof and quoted the relevant principle from *Nelson v. Nelson,* 181 Or 494, 182 P2d 416 (1947):

> "The remarriage of a divorced wife does not *ipso facto* cancel the obligation to pay the installments of alimony awarded her by the decree. * * * Nevertheless, it is such a change in the situation of the parties as to furnish the court a cogent reason for modifying the decree. * * * It would not be good public policy to compel a divorced husband to support his former wife after she had remarried, except under extraordinary conditions which she should be required to prove. * * *" 181 Or at 499-500. (Citation omitted.)

■     As we observed in *Brune and Brune,* 54 Or App 169, 634 P2d 484 (1981), the Supreme Court in *Grove* did not expressly change the rule announced in *Nelson v. Nelson, supra,* and reiterated in *Reed v. Reed, supra.* Since the decision in *Grove,* neither the Supreme Court nor this court has specifically delineated what the moving party must show in a proceeding to modify spousal support after remarriage of the dependent spouse. We now conclude that if the payor spouse shows that the dependent spouse has remarried, the dependent spouse must then show that despite the remarriage the reasons for the original spousal support award still exist. *See Carter and Carter,* 54 Or App 86, 89, 634 P2d 265, *rev den* 292 Or 109 (1981).

■     In *Nelson v. Nelson, supra,* the court said that it was against public policy to allow a former spouse to seek support from two different persons—a former and a current spouse. The court in *Grove* did not reject that policy but noted that spouses by statute (ORS 108.110) have a mutual and enforceable obligation of support. In light of that policy and the statutory obligation, remarriage of the dependent spouse is a circumstance that justifies modification, absent circumstances militating against modification. Although strict adherence to traditional civil burdens of proof do not necessarily serve the needs of equity in domestic relations proceedings, shifting the burden of establishing the circumstances and the effect of the new marriage will more likely insure that the court is apprised of all the relevant factors and can make a principled decision. The financial factors incident to a remarriage are usually known to the dependent spouse, but unknown to the payor spouse.

■ ■     In determining whether spousal support should be terminated on remarriage of the dependent spouse, we look to financial circumstances of the new family. The new spouse's ability to provide support coupled with the statutory obligation discussed in *Grove* in most instances will justify termination or reduction of spousal support. In *Grove* the court said:

> "* * * Public policy does not require that a woman whose first marriage has been dissolved be free to remarry only if her new husband 'is *able* to support her." 280 Or at 355. (Emphasis added.)

We take this to mean the dependent spouse should be free to remarry a person who is not able to provide support without risking loss of the decreed spousal support. Conversely, if the new spouse has the ability to provide support, the statute imposes a duty to provide it. This is consistent with the policy that a spouse should not be able to look to two persons for support. If the new spouse has only a limited ability to provide support, then the decreed spousal support may be reduced proportionately.

■     Wife's new husband has the ability to provide some support. He is employable and had earned at least $5,000 a year working part-time. He thus has the ability to provide the same measure of support wife was awarded by the decree. He voluntarily quit work to attend school. Although attending school may enhance the new husband's employability, husband should not be required to provide support to wife and subsidize her new husband's career advancement. We modify the decree to terminate spousal support.

■ ■     Husband also assigns as error the trial court's award of $200 in attorney fees to wife. There was no pleading or stipulation regarding fees, and the only evidence was:

> "Q:   Do you have a sense of the amount of attorney's fees that you can expect to have to pay as a result of this morning's proceedings?
>
> "A:   [Wife]: About $250, but we've been here for so . long, I don't know."

Under ORS 107.135(3) the court has the power to "assess against either party a reasonable attorney fee * * *." However, attorney fees are improper without a stipulation

or evidence as to reasonableness of the fees. *Gifford and Gifford,* 49 Or App 1113, 1116, 621 P2d 99 (1980); *Easton and Easton,* 36 Or App 619, 585 P2d 46 (1978), *rev den* 285 Or 1 (1979); *Hillyer and Hillyer,* 28 Or App 867, 870, 562 P2d 205 (1977). In addition, as with any fact, there must be sufficient evidence to support the finding. *Gifford and Gifford, supra; Fery and Fery,* 20 Or App 581, 585, 532 P2d 1131 (1975). There was no evidence other than wife's guess as to what her attorney would charge and the award was improper.

Decree modified to terminate spousal support; order modified to eliminate award of attorney fees. No costs to either party.

**VAN HOOMISSEN, J.,** concurring in part; dissenting in part.

The issue is whether wife's remarriage and economic arrangements with her present husband constitute a change of circumstances sufficient to justify termination of spousal support. *Brune and Brune,* 54 Or App 169, 171, 634 P2d 484 (1981). We review *de novo.* ORS 19.125(3).

In *Carter and Carter,* 54 Or App 86, 89-90, 634 P2d 265, *rev den* 292 Or 109 (1981), we said:

> "In determining if spousal support should be terminated, we must determine if the present circumstances of wife are such that the reasons for the initial award no longer exist. * * *
>
> "* * * * *
>
> "* * * The critical inquiry * * * is whether the wife's present circumstances enable her to enjoy a standard of living reasonably commensurate with that enjoyed during her former marriage. * * *"

At the time of the dissolution, husband knew that wife had been living with her present husband for over a year and that they intended to marry. Wife's present husband was unemployed at the time of their marriage. Later, he worked part-time as a cook, earning about $5,000. It is not clear from the record whether that was gross or net income. At the time of the hearing, he had quit work to attend school, which he expected to complete in 1983. I

conclude that, despite the remarriage, the reasons for the original spousal support award still exist. *Carter and Carter, supra.*

Assuming *arguendo* that the record supports some reduction in spousal support, the record shows that wife's present husband has only a limited ability to support her. Accordingly, the decreed spousal support should only be reduced proportionately. While it might be proper to terminate spousal support completely in the future, I find no equitable basis for doing so at this time.

Warden J., joins in this opinion.