Argued and submitted October 21, 1983, modified January 11, 1984

# In the Matter of the Marriage of

## ESLER,
*Respondent,*
*and*
## ESLER,
*Appellant.*

(25992; CA A26477)

673 P2d 1386

Catherine N. Carroll, Portland, argued the cause and filed the brief for appellant.

Robert P. Van Natta, St. Helens, argued the cause for respondent. With him on the brief was Van Natta & Petersen, St. Helens.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals the denial of his motion to terminate wife's spousal support. The issues are whether husband's monthly payments to wife are spousal support or a division of property and, if they are spousal support, whether wife has sustained her burden of showing that spousal support is required after her remarriage. We review *de novo*.

The parties' marriage was dissolved in January, 1982. The decree provides in relevant part:

"10. [Wife] is awarded spousal support in the amount of $350.00 per month for a four year period, that is 48 payments of $350.00 each."

Wife remarried on March 2, 1982. On April 8, 1982, husband moved to terminate spousal support.

The trial court's order states, in relevant part:

"* * * the Court finds that the award of spousal support originally made in this case was a part of the property division and further was used as a method of giving [husband] an offset on his income taxes; now, therefore

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

"1. [Husband's] Motion to modify the Decree previously entered herein determining his obligation of spousal support is hereby denied."

Husband contends that the trial court erred in finding that his $350 monthly payment to wife was a division of property and in refusing to terminate spousal support after wife remarried.

■ The label given to payments in a dissolution decree is not conclusive of their character. *See Ash and Ash,* 61 Or App 595, 598, 658 P2d 540 (1983); *Schaffer v. Schaffer,* 57 Or App 43, 643 P2d 1300 (1982). Here, the monthly payment to wife has many earmarks of spousal support: it is labeled "spousal support" in the decree; it is a monthly payment; no interest accrues on the unpaid balance, *see Dealy and Dealy,* 25 Or App 603, 549 P2d 1285 (1976); the obligation does not survive husband's death, *see Schaffer v. Schaffer, supra,* 57 Or App at 47; and husband has claimed the amounts paid as deductions for income tax purposes. There is nothing in the record to indicate whether wife has treated the payments as income for

tax purposes. She testified that she had misplaced her income tax returns.

Further, this is a case where spousal support would have been appropriate. Wife was a partner in a fledgling bookkeeping and secretarial service. Her annual income before her remarriage was about $8,000. During the first marriage she had contributed to husband's education. The dissolution court stated:

"Spousal support shall be ordered at $350.00 per month for a four year period. During this four year period this spousal support should allow the wife to build up her business so that she can become self-supporting and will no longer need spousal support, the spousal support is also intended to repay any educational opportunities lost to petitioner while respondent husband was completing his education.

"Petitioner will also receive the larger half in receiving the full equity in the house which I have found to be in the $17,000.00 to $18,000.00 area (the evidence was not specific). Respondent's pension fund which he shall retain is in the $12,000.00 area. This disproportionate division shall also compensate the petitioner for her efforts while husband was completing his education."

Thus, wife received the "long half" of the marital property. To conclude that the $350 monthly payments represent additional property would result in wife receiving about 70 percent of the parties property after a nine-year marriage, but no spousal support, despite her seeming inability to support herself at a level anywhere nearly comparable to that which she enjoyed during the parties' marriage.

■ ■ Wife argues that, because each of the parties has remarried and each now has about the same family income, her change of circumstances merely "offsets" his and that the trial court found an "element of property division" in husband's monthly payments to her. We reject wife's first argument. Spousal support is based on the standard of living enjoyed during the parties' marriage, not on any improvement in the financial condition of an obligated former spouse. *Feves v. Feves,* 198 Or 151, 162, 254 P2d 694 (1953); *Ward and Ward,* 41 Or App 447, 452, 599 P2d 1150, *rev den* 288 Or 141 (1979). As to wife's second argument, we conclude that the decree adequately recognized wife's contribution to the marriage by awarding her the "long half" of the marital property. We find

that husband's $350 monthly payments are spousal support and not a distribution of property. Because they are spousal support, they are subject to modification.

■ ■ When a payor spouse shows that the dependent spouse has remarried, the dependent spouse must then show that despite the remarriage the reason for the original spousal support award still exists. *Wilson and Wilson,* 62 Or App 201, 204, 660 P2d 188 (1983). Wife's annual income is about $8,000. Her new husband has a master's degree in electrical engineering. He has been employed for eight years by a major Oregon utility. His salary is $32,500 yearly. Wife's remarriage permits her to continue a standard of living "reasonably commensurate with that of her former marriage," if not better, *See Carter and Carter,* 54 Or App 86, 89, 634 P2d 265, *rev den* 292 Or 109 (1981). We conclude that wife has failed to sustain her burden of showing that the reason for spousal support continues after her remarriage.

Decree modified to eliminate spousal support effective April 8, 1982. Costs to husband.