In the Matter of the Marriage of

PEARCE,
*Respondent,*
*and*
PEARCE,
*Appellant.*

(34973; CA A36865)

728 P2d 974

Ira L. Gottlieb, Portland, argued the cause for appellant. With him on the brief was Keller, Gottlieb & Gorin, Portland.

S. David Eves, Corvallis, argued the cause for respondent. With him on the brief was S. David Eves, P.C., Corvallis.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Husband appeals the trial court's denial of his motion to modify a dissolution judgment on the ground that wife's remarriage is a change of circumstances justifying termination of spousal support. We affirm.

The parties were divorced in August, 1979, after a 20-year marriage. Husband received the greater share of the marital assets and was required to pay to wife one-half of the proceeds of his military pension as he received them. Husband appealed and, while the case was pending, the Supreme Court decided *McCarty v. McCarty,* 453 US 210, 101 S Ct 2728, 69 L Ed 2d 589 (1981),[1] which held that military pensions were not community property subject to division in dissolution proceedings and that its holding could not be circumvented by an offsetting award. In the light of *McCarty,* we remanded. *Pearce and Pearce,* 53 Or App 521, 632 P2d 501 (1981). In 1982, the trial court issued an amended judgment requiring husband to pay permanent spousal support of $500 per month. When wife remarried in 1984, husband moved to modify.

In *Wilson and Wilson,* 62 Or App 201, 203, 660 P2d 188 (1983), we discussed modification of spousal support:

> "*Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977), held that remarriage of the dependent spouse does not automatically terminate the spousal support obligation. Accordingly, except under special circumstances, a dissolution decree should not provide for automatic termination of spousal support on remarriage. The court did not discuss the contours of the burden of establishing a change of circumstances in the event of remarriage. * * *

> "Since the decision in *Grove,* neither the Supreme Court nor this court has specifically delineated what the moving party must show in a proceeding to modify spousal support after remarriage of the dependent spouse. We now conclude that if the payor spouse shows that the dependent spouse has remarried, the dependent spouse must then show that *despite the remarriage the reasons for the original spousal support award still exist. See Carter and Carter,* 54 Or App 86, 89, 634 P2d 265, *rev den* 292 Or 109 (1981)." (Emphasis supplied.)

---

[1] In 1982, Congress overruled the *McCarty* decision. *See* 10 USC § 1408(c)(1).

■ Wife argues that she has met her burden of showing that the reasons for the original support award still exist.[2] In a memorandum opinion with the amended judgment, the trial judge, relying on *Grove and Grove, supra,* made it clear that he was using spousal support to reduce the substantial inequity of the property division. As the Supreme Court stated in *Grove and Grove, supra:*

> "The expressed legislative policy is that spousal support may be awarded in an amount, and for a period of time, that is 'just and equitable,' and that in making this determination the factors listed in ORS 107.105(1)(c) are relevant. It is significant that the legislature chose to express the standard in terms of what is just and equitable rather than solely in terms of need." 280 Or at 352.

■ At the time of the amended judgment, ORS 107.105 (1)(c)(E) provided that the trial court could consider the parties' "financial conditions, resources and *property rights.*" (Emphasis supplied.) The trial judge did consider that husband had received the long half of the property division and would have income after retirement and that wife had made a valuable contribution to the long term marriage. At the modification hearing the trial judge, who had also presided at the dissolution, reiterated that the original spousal award "was clearly intended to balance the division of property."

Spousal support in this case was shaped by the short-lived opinion in *McCarty.* The trial judge determined that the just and equitable way to recognize the contribution of wife to the 20 year marriage was through permanent spousal support. On *de novo* review we agree that, on the unique facts of this case, the spousal support award should not be disturbed.[3]

Affirmed. Costs to wife.

---

[2] We reject husband's contention that the trial judge erred in considering more than the language of the amended judgment to justify the denial of modification. Once the payor spouse shows remarriage, the burden of proof requires the dependent spouse to show the conditions upon which the original award was made. That can be done from the record. *See Wilson and Wilson, supra.* The record here supports the explanation given by the trial judge.

[3] We conclude that there was no abuse of the trial court's discretion in awarding wife attorney fees.