Argued and submitted December 12, 1986, affirmed as modified May 20, 1987

In the Matter of the Marriage of

# REHMER,
*Respondent,*

*and*

# REHMER,
*Appellant.*

(85-1306-NJ-1; CA A39035)

737 P2d 133

Douglas P. Cushing, Medford, argued the cause for appellant. With him on the brief was Cushing & Haberlach, Medford.

Alan B. Holmes, Medford, argued the cause for respondent.

With him on the brief was Holmes, James, Galpern & McCollum, Medford.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In his appeal from a dissolution judgment, husband maintains that the trial court erred in awarding a disproportionate share of the parties' marital assets to wife and in requiring him to pay $1,300 per month as permanent spousal support. We affirm the property division but modify the judgment to reduce the amount of support.

The dissolution judgment ended a 39-year marriage. Husband is 60, and wife is 58. The parties have three children who are now adults. Husband is employed as a superintendent for an electrical construction firm, and his net income fluctuates between $2,571 and $3,689 per month, depending on overtime pay. He has some physical limitations due to heart palpitations. Wife works as a real estate salesperson but, due to a depressed real estate market, earns only about $550 per month.

The trial court awarded wife the long half of the parties' assets, including the family home, household furnishings and federal and state income tax refunds. Her share was valued at $67,272. Husband was awarded several rental properties and any recovery from his pending personal injury litigation, which was estimated to be about $13,000. He was required to assume debts of $5,700. His share was valued at $42,447. Pursuant to stipulations at trial, the parties agreed to hold investment property valued at approximately $116,000 as tenants in common for a period not to exceed five years. During that period, they agreed either to develop the property with third party capital or to make an appropriate partition.

Husband argues that the court erred in dividing the property by awarding wife approximately $25,000 more than it did to him. He asserts that the investment property should have been awarded entirely to him with an offsetting judgment in favor of wife. Although in dissolving a long-term marriage, an equal division of property and a disentanglment of the parties' joint interests is generally preferred, circumstances may support a different result. *Sellers and Sellers,* 39 Or App 647, *modified* 41 Or App 13, 593 P2d 1191 (1979); *Ray and Ray,* 32 Or App 527, 574 P2d 687, *rev den* 282 Or 537 (1978). There are two significant differences between the division adopted by the court and that proposed on appeal by husband. He suggests an equal division of tax refunds of

approximately $9,000. The court awarded the entire amount to wife and explained that it was doing so because she had depleted her cash reserve during the parties' separation. It noted also that wife has considerably less earning power than husband. The court did not award wife any attorney fees.

■ The second difference is that husband now requests that the investment property be awarded to him with an off-setting judgment to equalize the accounting. The parties stipulated to the joint ownership of that property, and we see no reason to disturb the agreement. We affirm the property distribution.

■ Husband contends that the award of spousal support of $1,300 per month is excessive. Spousal support should be considered in the light of the property division in attempting to put the two parties in a position where they can leave a marriage in a self-sufficient status. *Haguewood and Haguewood,* 292 Or 197, 638 P2d 1135 (1981); *Hutcheson and Hutcheson,* 71 Or App 541, 693 P2d 50 (1984). We conclude that the spousal support award was excessive in view of the award of the long half of the marital assets to wife. The trial court estimated husband's average net income as $3,000 per month in view of the unstable nature of his overtime. That is an acceptable estimate. The support ordered would be nearly one-half of his net earnings. Although wife's present earnings are reduced because of the real estate market, she has the ability and potential to increase her income and meet a greater portion of her living expenses. We conclude that support of $1,000 per month is equitable.

Judgment modified to award $1,000 per month permanent spousal support; affirmed as modified. No costs to either party.