In the Matter of the Marriage of
SHEUMAKER,
*Appellant,*
*and*
SHEUMAKER,
*Respondent.*
(D8803-61584; CA A50450)
779 P2d 194

David Schermer, Oregon City, argued the cause and filed the brief for appellant.

Harrison Latto, Portland, argued the cause for respondent. With him on the brief were Dwight L. Schwab and Schwab, Hilton & Howard, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

Riggs, J., concurring in part; dissenting in part.

## PER CURIAM

In this dissolution case, husband appeals, assigning as error the amount and duration of spousal support and the division of the parties' equity in the family home. We affirm the award of spousal support without discussion.

With regard to the house, the trial court ordered that the net proceeds of its sale be distributed 40 percent to husband and 60 percent to wife. Husband argues that the division should be equal, because he contributed substantially to renovating and furnishing the home and because his obligations under the judgment are excessive overall.[1] On *de novo* review, we disagree.

Affirmed. Costs to wife.

**RIGGS, J.,** concurring in part; dissenting in part.

I dissent from the majority's affirmance of the property division in this case, because I do not agree with the trial judge's decision to make an unequal division of the equity in the family home "in lieu of tuition costs and attorney fees." Those considerations are appropriate to setting the amount of spousal support, ORS 107.105(1)(d), or attorney fees, ORS 107.105(1)(i), but not to the property division. *See* ORS 107.105(1)(f). Such muddying of the property division waters should be avoided, because it inhibits effective appellate review. In particular, attorney fee awards, like any finding of fact, must be supported by the evidence. *Wilson and Wilson,* 62 Or App 201, 205-06, 660 P2d 188 (1983). On *de novo* review in this case, we have no means by which to determine whether the 60-40 percent division is reasonable "in lieu" of attorney fees or tuition.

I would modify the judgment to divide the equity in the home equally and would remand for consideration of attorney fees. Otherwise, I concur with the majority.

---

[1] The court stated that the 60-40 distribution was "in lieu of tuition costs and attorney fees." The difference between what the trial court awarded and what husband seeks is $1,600. Wife's uncontradicted testimony established that her education would cost about $1,800 ($75 per month for two years). *See Rehmer and Rehmer,* 85 Or App 440, 442-43, 737 P2d 133 (1987).

Husband does not argue that the property division was inappropriate for the reason that the dissent suggests and, in any event, the issue for us on *de novo* review is whether the property division is equitable, regardless of the trial court's reasoning.