Argued and submitted July 20, reversed and remanded October 12, 1988

In the Matter of the Marriage of

## HO,
*Respondent,*
*and*
## HO,
*Appellant.*

(79-2-126; CA A46168)

762 P2d 344

Lawrence D. Gorin, Portland, argued the cause for appellant. With him on the brief were Ellen R. Charley and Keller, Gottlieb & Gorin, Portland.

Ann Morgenstern, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren, Judge, and Riggs, Judge pro tempore.

RIGGS, J. pro tempore

**RIGGS, J.** pro tempore.

Husband appeals from an order denying his motion to modify a judgment of dissolution to eliminate spousal support. The trial court dismissed the motion at the close of his evidence on the basis that he had not shown a substantial change of circumstances since the original judgment. We reverse and remand.

Husband's evidence showed that, at the time of the dissolution of this 17-year marriage in 1979, wife was unemployed and had not worked outside the home for some time. Husband was and is a physician. The parties had four children. Custody was divided, with the oldest son living with husband and the younger three children living with wife. The parties' real and personal property was divided in approximately equal shares. The dissolution court awarded wife child support of $325 per month per child, together with permanent spousal support of $1,150 per month.

Shortly after the dissolution, wife began a long-term living arrangement with a domestic associate with whom she has a written agreement, prepared by an attorney, regarding their separate property and mutual living expenses. The document states that the parties "intend to live together * * * and to share certain expenses" and that the parties "proclaim their love for each other and rejoice in the thought of sharing life together." The agreement also provides that wife will pay two-thirds of the utilities and ordinary food and household expenses, together with all house payments, insurance payments and property taxes. Her domestic associate pays approximately one-third of the utilities and other household expenses. The domestic associate is gainfully employed with gross annual earnings of approximately $35,000.

Wife is currently employed as an administrative technician at a bank, earning approximately $1,250 per month. She continues to reside in the family home awarded to her by the dissolution judgment. One of the three children in wife's custody has died, and one moved to live with husband, leaving one child currently living with wife. Considerable emotional turmoil has existed in the family relationship, which has required psychiatric care for at least one of the children.

Husband's unrebutted evidence supports a conclusion that wife's relationship with her domestic associate is the emotional and economic equivalent of marriage. The relationship has not been a casual fling. Rather it appears to be a long-term, committed association which has as many similarities to marriage as it has to any other category of cohabitation. It has lasted over seven years. The written agreement has many of the attributes of a pre-nuptial contract.

Remarriage does not automatically result in termination of a spousal support award, but it is a circumstance that can justify modification, unless the dependent spouse shows that the reasons for the original award still exist. *See Wilson and Wilson,* 62 Or App 201, 660 P2d 188 (1983). The task of a court considering modification is "to maintain the relative positions of the parties as established in the initial [judgment] in light of their changed circumstances." *Bates and Bates,* 303 Or 40, 47, 733 P2d 1363 (1987). "Support should be terminated when the purposes of the initial award have been met." *Bates and Bates, supra,* 303 Or at 46. The analysis is the same when the dependent spouse has embarked on a domestic association that is the equivalent of remarriage. *Vaughn and Vaughn,* 25 Or App 655, 550 P2d 1243 (1976).

The trial court determined at the close of husband's case that there was insufficient evidence of a substantial change in economic circumstances. We disagree. The evidence presented by husband as to wife's employment and domestic association was sufficient to justify modification or termination of the spousal support award, unless wife were to show that her need for support continues substantially as it was originally. We remanded so that she may have the opportunity to make a showing.

Reversed and remanded. Costs to husband.