Argued and submitted March 3, affirmed September 13, reconsideration denied November 9, petition for review denied December 28, 1989 (308 Or 660)

In the Matter of the Marriage of

# FOUTS,
*Appellant,*

*and*

# FOUTS,
nka Green,
*Respondent.*

(D7803-03309; CA A47921)

779 P2d 145

Susan Elizabeth Reese, Portland, argued the cause and filed the brief for appellant.

Scott Sorensen-Jolink, Portland, argued the cause for respondent. On the brief were Herbert A. Trubo, and Sorensen-Jolink & Trubo, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

Richardson, P. J., dissenting.

## DEITS, J.

Husband appeals an order denying his motion to modify the dissolution judgment to eliminate spousal support after wife remarried. The trial court denied the motion at the close of his presentation, because he had not shown a substantial change in circumstances. He argues that remarriage is a substantial change of circumstances and, alternatively, that the court should not have denied his motion without requiring wife to put on evidence. We affirm.

The parties were married 27 years and were divorced in 1979. At that time, husband worked for the U.S. Army Corps of Engineers at a salary of $30,000 to $35,000 per year. He testified that wife was also employed at that time, earning $5 or $6 per hour. Under the dissolution judgment, husband was obligated to pay $300 per month spousal support until he retired and $150 per month thereafter.[1] He remarried in December, 1980, and began living in his new wife's home with her and her daughter by a former marriage.[2] In October, 1986, he retired from his government position and began working as a private consultant, at a salary of approximately $48,000 per year. In addition, he receives about $1,000 per month from a civil service annuity. He continued to pay $300 per month spousal support to wife after his retirement.

Husband moved to modify the judgment, requesting that his support obligation be terminated because wife had remarried. Wife was called as a witness during husband's presentation of evidence. She admitted that she had remarried but contended that her new husband did not provide her with any financial assistance. She explained that he continued to live at his residence in Skamokawa, Washington, while she maintained her Portland residence so that she could continue working in that city.[3] One of her adult sons also lives with her and apparently makes some contribution toward meeting household expenses. She testified that she would eventually

---

[1] The parties' seven children are all over 18 years of age, and there is no child support obligation.

[2] Husband's new wife receives $200 per month in child support from her child's father. She is not employed outside the home.

[3] At the time of the hearing, wife was not working, due to recent back surgery. Before surgery, she earned $8.35 per hour. She expressed a desire to return to work when her back condition would allow it.

move into her new husband's home, possibly by the end of 1988. She also testified that she did not know anything about her new husband's financial condition, other than that he was a retired truck driver and received $610 per month as Social Security benefits. At the close of husband's evidence, the court, on its own initiative, denied his motion, stating:

> "There's been no material unanticipated substantial change of circumstances."

Husband appeals.

■    The effect that a supported spouse's remarriage has on a duty to pay spousal support is described in *Bates and Bates,* 303 Or 40, 46, 733 P2d 1363 (1987):

> "[R]emarriage of the supported spouse may represent a change in circumstances; as we have pointed out, however, it will not automatically terminate a spousal support award. This is so because remarriage of a supported spouse will not always supplant the purposes behind the initial award. Support should be terminated when the purposes of the initial award have been met."

Husband contends, however, that once a payor spouse shows that the supported spouse has remarried, the supported spouse has the burden to establish that the reasons for spousal support still exist.

ORS 107.135(2)(b) authorizes the modification or termination of a spousal support award when there has been a substantial change in the parties' economic circumstances. As stated in *Bates,* remarriage may result in such a change. However, nothing in the statute suggests that the economic effects of remarriage should be treated differently than any other change of circumstances. Accordingly, we conclude that there is no authority or justification for shifting the burden of proof in cases where the alleged change of circumstances is remarriage.

The dissent relies on *Wilson and Wilson,* 62 Or App 201, 660 P2d 188 (1983), for the proposition that remarriage should be treated differently than other changes in circumstances and that the supported spouse who has remarried has the burden to prove that the reasons for the original support award still exist. However, the court's analysis in *Wilson* was

dependent on the "policy" established in *Nelson v. Nelson,* 181 Or 494, 182 P2d 416 (1947):

> "It would not be good public policy to compel a divorced husband to support his former wife after she has remarried, except under extraordinary conditions which she should be required to prove." 181 Or at 500. (Citations omitted.)

The policy in *Nelson* was clearly rejected in *Bates and Bates, supra,* 303 Or at 44, where the court recognized that spousal support may be based on a variety of the factors in ORS 107.105(1)(d) and that the determination of whether spousal support should be modified or terminated on remarriage depends on whether the purposes of the initial award have been satisfied. Some of the purposes of spousal support may be altered by remarriage. Others may not. The *Bates* decision concluded that, in most instances, as here, preserving the parties' standards of living established during the marriage remains as the gauge of the continuing fairness of the support award, even after remarriage.

The dissent reasons that the supported spouse should have the burden of proving that the purposes for the original spousal support award still exist, because that spouse is in the best position to provide the court with information on that issue. However, that reasoning would apply to many, if not most, circumstances that can change. For example, when the income of the supported spouse increases, the supported spouse will usually be in the best position to provide the court with information on the issue. If the payor spouse does not believe that the information provided by the supported spouse is reliable, there are, as in any other instance, legal procedures available, such as discovery.[4]

■ In this case, husband was given a full opportunity to present evidence. In fact, he called wife as a witness. At the close of his case, the trial court concluded that he had failed to show a change of circumstances that justified termination of

---

[4] Our conclusion that the rule in *Wilson* was rejected in *Bates* is not inconsistent with our opinion in *Ho and Ho,* 93 Or App 421, 762 P2d 344 (1988), where we held that the husband's presentation of evidence as to the wife's change in employment and domestic association was sufficient to justify modification or termination of the spousal support, "unless wife were to show that her need for support [continued] substantially as it has originally." 93 Or App at 424. In this case, husband presented no evidence regarding changes in wife's circumstances, other than the fact that she has remarried.

spousal support. There is no indication in the record that the purpose of the original support award was other than to provide an equitable distribution of income between the parties. Thus, our task on review is to determine whether, in view of the changed circumstances, a change in the support award is necessary to "maintain the relative positions of the parties as established in the initial decree." *Bates and Bates, supra,* 303 Or at 47. In doing so, it is appropriate to examine the "potential shared income" of the parties, as well as the number of persons in the households of the respective parties. *Hall and Hall,* 86 Or App 51, 738 P2d 218 (1987).

3.　　Husband's income has increased from approximately $35,000 per year to about $48,000. In addition, he receives approximately $1,000 per month from a civil service annuity. He has remarried and lives with his wife and her daughter. His new wife works occasionally, and she owns the home in which they live. Wife has remarried, but is not living with her husband, because her present home is closer to her work. She has plans to live with him, but the date of that is indefinite. She lives with an adult son, who makes some contributions to household expenses. Wife's income has not changed substantially. Her new husband is retired and receives $610 per month in Social Security. Based on the evidence presented, we conclude that wife's remarriage did not substantially affect her economic circumstances and, therefore, husband has failed to prove that there has been a substantial change in circumstances justifying a modification of spousal support.[5]

Affirmed. No costs to either party.

**RICHARDSON, P. J.,** dissenting.

In *Bates and Bates,* 303 Or 40, 733 P2d 1363 (1987), the court said that, if a dependent spouse remarries,

"[s]upport should be terminated when the purposes of the initial award have been met." 303 Or at 46.

There is nothing in the record to indicate that the initial award was other than to provide wife a means to enjoy a standard of living not overly disproportionate to that enjoyed

---

[5] In view of our holding that husband had the burden to establish a substantial change in circumstances, there is no merit to his argument that the court should not have denied his motion without requiring wife to put on evidence.

during the marriage. ORS 107.105(1)(d)(M). The amount and duration of the support initially awarded presumptively accomplishes that purpose; if remarriage makes possible the same or greater level of income without spousal support, then support is no longer warranted. This case involves essentially two issues: allocation of the burden of proof and whether the evidence justifies termination of spousal support. I disagree with the majority's resolution of both and dissent.

Remarriage is obviously a change of circumstances that has an impact on spousal support duties. It does not automatically terminate spousal support, but it can invoke an inquiry whether the initial purpose of support have been met. In *Wilson and Wilson,* 62 Or App 201, 660 P2d 188 (1983), we discussed the approach to that inquiry:

> "Since the decision in *Grove* [*and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977)], neither the Supreme Court nor this court has specifically delineated what the moving party must show in a proceeding to modify spousal support after remarriage of the dependent spouse. We now conclude that if the payor spouse shows that the dependent spouse has remarried, the dependent spouse must then show that despite the remarriage the reasons for the original spousal support still exist. *See Carter and Carter,* 54 Or App 86, 89, 634 P2d 265, *rev den* 292 Or 109 (1981)." 62 Or App at 204.

The majority concludes that that analysis is no longer viable, because it was based on a principle in *Nelson v. Nelson,* 181 Or 494, 182 P2d 416 (1947), that was rejected by the court in *Bates.* Although we cited *Nelson,* the concept in *Wilson* was based on the common sense rationale that, in this situation, the focus is on the financial circumstances of the dependent spouse's new family and that that spouse is best able to provide the relevant information. Requiring that readily available information be provided places an insignificant burden on the dependent spouse when compared with that of the movant, who must obtain the evidence by the traditional adversarial means such as discovery, deposition and subpoena. In making a principled decision, the court should have as complete and accurate assessment of the parties' current living situation as possible. In *Wilson,* decided in 1983, we devised an allocation of proof designed to accomplish that end. There is no basis to discard that principle now.

Wife, who was represented by counsel, appeared at the hearing with very little information about her new husband's finances. Consequently, there was a lack of the type of financial information that the court in *Bates* used to determine whether support should continue after the wife's remarriage. In this case, wife's failure to produce the relevant information frustrated the decisional process of the trial court and frustrates our *de novo* review. After husband had testified and had examined wife as a witness, the trial court, with no motion from wife or argument, said:

> "The motion is denied. There's been no material unanticipated substantial change of circumstances."

Wife had intended to put on evidence. I would remand the case and allow wife to establish what *Wilson* and *Bates* require.

The majority, after rejecting the analysis in *Wilson,* analyzes the available information and concludes that husband has not established a basis for reducing or terminating spousal support. Even on the facts established, I would conclude that spousal support should be terminated. Wife was not working at the time of the hearing because of a back problem, but intended to return to work as soon as she was able. The information on her Uniform Support Affidavit shows that she last averaged $1,400 per month gross pay. With the spousal support payment, her gross income was at least $1,700 per month. If we accept her testimony that her new husband's income is $610 per month from Social Security, the available gross monthly income of the family unit would be $2,000 without any spousal support. The scant information that she provided is to the effect that her new husband owns a home and that she intended to move there perhaps at the end of 1988. Presumably, her son, who is 31 years old and employed in Portland, would not move to Washington with her and would no longer require financial assistance from her. The size of her household will not change.

Husband's gross income in 1979, when the marriage was dissolved, was approximately $35,000. He retired from the U.S. Army Corps of Engineers in 1986. He presently earns $48,000 per year and receives $1,000 per month from a retirement fund. His new wife is not regularly employed but assists a friend who is a tax consultant by preparing tax returns. She receives $200 per month support for a child from a former

marriage. Husband provides a home and additional support, even though he has not adopted the child; consequently, his family consists of himself and two dependents.

The majority utilizes some language from *Bates and Bates, supra,* and focuses on husband's income rather than on wife's current financial situation. It says that "wife's remarriage did not substantially affect the economic circumstances and, therefore, husband has failed to prove that there has been a substantial change in circumstances justifying a modification of spousal support." 98 Or App at 488. It is true that the court in *Bates* analyzed the financial information in terms of both parties' situations and concluded that the wife's present available family income after her remarriage would give her more money than the "trial judge originally found to represent an equitable distribution of income." 303 Or at 48. However, I do not think the court elucidated a new principle but only used those words to describe the original support award as presumptively equitable in terms of allowing the wife to maintain a standard of living not overly disproportionate to that enjoyed during the marriage. The court was purporting to follow the statutory policy embodied in ORS 107.105(1)(d).

The majority's analysis suggests that the relationship between the incomes of the parties established by the original support award must be maintained. That would mean that, if the payor spouse's income increases, then the support must be continued, or perhaps increased, in order to maintain the relationship between incomes. Wife's present family income, without support, is well beyond the amount of available income, including support, that she received before her remarriage. The disparity has increased only because husband's income has increased by a greater percentage than wife's. She, as recipient spouse, is not entitled to "an annuity for life or * * * a perpetual lien against her former husband's future income." *Kitson and Kitson,* 17 Or App 648, 656, 523 P2d 575, *rev den* (1974); *see Grove and Grove,* 280 Or 341, 571 P2d 477, *modified* 280 Or 769, 572 P2d 1320 (1977).

I disagree with the majority's treatment of both issues that I have identified in this case.