Argued and submitted May 14, remanded with instructions to modify judgment; otherwise affirmed October 10, Virginia Smith's reconsideration and Dane Smith's reconsideration denied November 28, 1990, both petitions for review denied January 15, 1991 (311 Or 87)

In the Matter of the Marriage of

Dane Edward SMITH,
*Appellant,*

*and*

Virginia Louise SMITH,
nka Abraham,
*Respondent.*

(89DM0243; CA A61359)

798 P2d 717

Robert E. Brasch, North Bend, argued the cause for appellant. With him on the brief was Brasch & Assoc., North Bend.

Robert J. Burch, Coquille, argued the cause for respondent. With him on the brief was Burch & Burnett P.C., Coquille.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Husband appeals the trial court's denial of his motion to terminate spousal support, arguing that wife's remarriage has resulted in a substantial change of circumstances. On *de novo* review, we modify the amount of spousal support and make other changes.

Husband and wife were married in November, 1966, when he was in his third year of college. Both worked, and they shared duties as live-in staff at a home for unwed mothers. Husband entered dental school in June, 1968. Wife worked until their first child was born in October, 1969. While husband was in school, wife remodeled two houses and sold them at a profit. She also helped husband set up his dental practice and hired and trained his staff for him. She maintained the books for his practice and business interests during the rest of their marriage.

The parties separated in July, 1986, and executed a property settlement agreement in February, 1987, which was incorporated in the dissolution decree. Wife received property worth $226,000, including two real estate contracts that produce income of $629 per month and rental property from which she receives $500 per month, as well as $100,000 in cash, the family home furnishings and two cars. Husband received the family home, his dental practice and numerous properties, which had a net value of $425,000. Wife was awarded $2,000 per month in spousal support, plus $500 per month for five years "to cover anticipated extra costs for wife's initial years of social readjustment and retraining." She was also given custody of the two children, $400 child support each month per child, plus medical, dental and optical expenses for the children and medical insurance for her. Husband also agreed to pay the children's college expenses and to purchase life insurance with wife as the beneficiary. While married, husband and wife's gross monthly income was approximately $8,600. After the dissolution, and after support was paid, husband's monthly income was about $5,300. Wife's monthly income, with spousal and child support, was about $4,400.

At the time of the modification hearing, husband was 42 and wife 41. Both have remarried. Husband's new wife works part time, and she has custody of two children from a previous marriage. After spousal and child support is paid,

their income is approximately $13,800 per month for a household of four.

Wife's new husband is a high school teacher and wrestling coach. He has one daughter who lives with them and one who attends college. Both children receive Social Security benefits, due to their mother's death. One of the parties' daughters is 18 years old and lives with her. The other daughter is at college, but lives with them in the summer. The new husband's medical insurance covers wife and all of the children. Wife is not employed, and she has not obtained any training for employment. She maintains the household and actively manages her rental properties and other real estate investments. With spousal support, child support and social security, their income is $7,750 per month for a household of four.

Husband argues that spousal support should be terminated, because wife has had a "dramatic change in circumstances" since she has remarried.[1] Remarriage of a supported spouse may result in a change in circumstances justifying a modification of spousal support. It does not automatically do so. If it is established that the effect of remarriage is to fulfill the purposes of the initial award of spousal support, support should be modified or terminated. *Bates and Bates,* 303 Or 40, 46, 733 P2d 1363 (1987); *Fouts and Fouts,* 98 Or App 483, 779 P2d 145, *rev den* 308 Or 660 (1989).

The amount of support was agreed to as part of a settlement agreement between the parties. Nonetheless, we can modify the spousal support award if it was not intended to be in lieu of a property award. There is no indication in this case that spousal support was intended to be in lieu of a property award, and wife does not argue that it was. We conclude that the primary purpose of the original support amount was to allow the parties to maintain "an economic standard of living not overly disproportionate to that enjoyed during the marriage." ORS 107.105(1)(d).

---

[1] Husband also argues that there are changed circumstances because wife receives substantial income from property that she was awarded in their property settlement and investments that she made with the cash from the award. However, the fact that she receives that income was sufficiently foreseeable at the time of dissolution that it does not bear on modification of support.

■ ■ Our task on review is to determine whether wife's remarriage constitutes a change of circumstances sufficient to merit an adjustment in support. *Fouts and Fouts, supra.* When wife remarried, her potential shared income rose from about $4,400 to over $7,700 per month. The size of the household supported by that income changed from three to four. Husband has expanded his practice, and his income has increased substantially since the time of dissolution. A termination of spousal support would give wife a lower standard of living than was established by the judgment and lower than she had enjoyed during the marriage. However, we conclude that, in view of the fact that at least a portion of the new husband's income is available to wife, the full amount of spousal support originally awarded is not necessary to maintain the relative positions of the parties and to allow wife to maintain a standard of living similar to that enjoyed during the marriage. We conclude that it is equitable to reduce spousal support to $1,200 per month, in addition to the supplemental $500 per month.

■ Husband argues that the trial court erred in not addressing his request that he be required to pay only uninsured medical costs for his children. We agree and conclude that husband's payments should be so limited. In addition, the trial court stated in its opinion letter that husband no longer had to carry wife on his medical insurance, but that was not included in the order. We agree that it should be. Husband asserts that the trial court erred in awarding wife attorney's fees and that fees should have been awarded to him. We conclude that the trial court did not err in awarding attorney fees to wife.

Remanded with instructions to modify judgment to decrease spousal support to $1,200 per month, in addition to the supplementary support of $500 per month for five years, to require husband to pay only the uninsured portion of the children's medical expenses and to delete the requirement that husband furnish medical insurance for wife; otherwise affirmed. No costs to either party.