Argued and submitted October 12, 1990, judgment modified; affirmed as modified
February 27, 1991

In the Matter of the Marriage of

Darryl James BLIVEN,
*Appellant,*

*and*

Marjorie Ann BLIVEN,
*Respondent.*

(D7806-10280; CA A63933)

806 P2d 177

Stephen R. Frank, argued the cause for appellant. With him on the brief were Bryan P. Murphy and Tooze, Shenker, Holloway & Duden, Portland.

John E. Schwab, argued the cause and filed the brief for respondent. With him on the brief was McClure & Schwab, Tigard.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Husband appeals the denial of his motion to modify or terminate his obligation to pay spousal support. Husband and wife had been married 29 years before the dissolution in 1979, when husband was earning $2,500 a month. Wife was 48 years old, had not worked since 1952 and had no particular job skills. The trial court ordered husband to pay $650 a month for one year and $500 a month thereafter.

Wife, now 59, earns $1,050 a month working 30 hours a week. Her employer cannot hire her full-time, and she is not sure that her health would permit it anyway. In 1981, she began living with a man in a relationship that they acknowledge is equivalent to marriage. Her partner earns $2,320 a month, $600 of which he must pay to support his wife, from whom he is legally separated. He provides $750 of his net income for the monthly expenses of his current household. In her Uniform Support Affidavit, wife estimated that her current monthly needs are $1,901.23. That figure is somewhat misleading, however, because it apparently includes the household expenses of her partner, in addition to her own.

■■ Husband, now 62, earns $4,375 a month and is the sole income provider for himself and his present wife. He has health problems and would like to retire.

A court may modify a support order when a "substantial change in economic circumstances" has occurred. ORS 107.135(2)(a). ORS 107.135(3) provides, in part:

"In considering under this section whether a change in circumstances exists sufficient for the court to reconsider spousal or child support provisions of a decree, the following provisions apply:

"(a) The court shall consider income opportunities and benefits of the respective parties from all sources, including but not limited to:

"(A) The reasonable opportunity of each party, the obligor and obligee respectively, to acquire future income and assets.

"(B) Retirement benefits available to the obligor and to the obligee.

"(C) Other benefits to which the obligor is entitled, such as travel benefits, recreational benefits and medical benefits,

contrasted with benefits to which the obligee is similarly entitled."

Husband contends that wife's relationship constitutes a substantial change in circumstances.[1]

In *Bates and Bates,* 303 Or 40, 733 P2d 1363 (1987),[2] the Supreme Court said that remarriage may represent a substantial change in circumstances requiring termination of support when it supplants the purposes behind the original award.[3] In *Hall and Hall,* 86 Or App 51, 738 P2d 218 (1987), the wife's income plus spousal support was $1,150. After her remarriage, one-half of her and her husband's joint income was $1,247.25, excluding spousal support. We held that termination of support was required, because the "wife's available income is greater than that provided by the original judgment." 86 Or App at 55. The fact that the husband's income also had increased did not justify continuation of support. *See also Smith and Smith,* 103 Or App 614, 798 P2d 717 (1990), *rev den* 311 Or 87 (1991); *Bettiol and Bettiol,* 92 Or App 587, 759 P2d 322, *mod* 93 Or App 548, 762 P2d 1066 (1988).

Here, the original decree contemplates that wife would have her own earned income plus spousal support of $500. At the time of the modification hearing, that amounted to $1,550. Her partner provides $750 a month for their household expenses. Thus, without husband's support, wife has available $1,425, representing her income, $1,050, plus one-half of her partner's contribution to their household, $375. *See Hall and Hall, supra,* 86 Or App at 55. Wife is able to maintain a standard of living nearly commensurate with what the original decree provided. We conclude that husband's support obligation should be reduced to $125.

■ Husband also contends that support should be terminated under ORS 107.407, which provides that support may be

---

[1] Husband also contends that wife's employment is a substantial change in circumstances. Given the level of support awarded in 1979, we conclude that her obtaining employment was anticipated and that her earnings from that employment do not constitute an unanticipated change. *Hellweg v. Hellweg,* 30 Or App 995, 568 P2d 710 (1977).

[2] Although *Bates* was written before the legislature enacted ORS 107.135(3), the analysis is consistent with the statute, at least for purposes of this case.

[3] The fact that wife and her partner have not married does not change the analysis. *Ho and Ho,* 93 Or App 421, 762 P2d 344 (1988).

terminated after ten years if the dependent spouse has not made reasonable efforts to become financially self-supporting. The reasonableness of wife's efforts must be judged in the light of her "age, work experience, education, earning capacity and her physical and mental health history." *Porter and Porter,* 100 Or App 401, 406, 786 P2d 740, *rev den* 310 Or 281 (1990); ORS 107.412(2). Wife did not enter the work force until she was 48. Since then, she has learned a skill that enables her to earn $9.35 an hour. She is now 59 and has arthritis. She works only 30 hours a week, because that is all that her employer can provide. We conclude that she has made reasonable efforts to become self-supporting.

■ Finally, husband contends that he should not have been required to pay wife $1,000 as attorney fees. ORS 107.135(6) and ORS 107.412(5) provide that the court "may assess against either party a reasonable attorney fee" for the benefit of the other party. There was no abuse of discretion. *See Porter and Porter, supra,* 100 Or App at 407.

Judgment modified, as of effective date of appellate judgment, to reduce spousal support to $125; affirmed as modified. No costs to either party.