Argued and submitted September 14, 1992, remanded with instructions
May 19, 1993

In the Matter of the Marriage of

Connie J. HAYWOOD,
*Respondent,*

*and*

William R. HAYWOOD,
*Appellant.*

(89-492-D-3; CA A72623)

852 P2d 891

Thomas C. Howser, Ashland, argued the cause for appellant. With him on the brief was Howser & Munsell, P.C., Ashland.

William P. Haberlach, Medford, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

De Muniz, J., dissenting.

## ROSSMAN, P. J.

Husband appeals from an order reducing, but not terminating, wife's spousal support. We review *de novo*, ORS 19.125(3), and terminate spousal support.

The 1990 dissolution of this 29-year marriage awarded wife $750 per month in spousal support until April, 1993, and $500 per month thereafter until July, 2003. At that time, wife's net[1] income was approximately $750 per month, but it was anticipated that her income would increase somewhat, and it has. To effectuate the property division, husband was required to liquidate his interest in an insurance agency and, in so doing, was required to agree not to compete with that business. After the liquidation was completed, husband moved to Arizona, where he has been trying to build a new insurance business. At the time of the dissolution, husband was earning approximately $6,000 per month. As a result of the liquidation of his interest in the agency, he was paid $4,500 per month as a consulting fee and $560 per month for the purchase of his interest. The consulting fee terminated in April, 1991, after which he stopped paying spousal support. In September, 1991, he filed the motion to terminate his support obligation.

Both parties remarried shortly after the dissolution. Without spousal support, the combined average monthly gross income of wife and her new husband is approximately $4,300; her monthly expenses are about $1,695.[2] Husband's gross income has averaged about $800 per month. His new wife earns approximately $1,400 per month. When it fixed the amount of support, the dissolution court was aware that husband's consulting fee would terminate in April, 1991. Nevertheless, on the modification motion, the court reduced husband's spousal support obligation to $400 per month because of the substantial reduction in his income.

■ Although remarriage does not automatically result in termination of spousal support, it is a circumstance that can justify modification or termination, unless the dependent

---

[1] The record does not reveal what her gross income was at that time.

[2] There is evidence that wife's new husband pays spousal support to his ex-wife; the record does not show how much he pays.

spouse can "show that her need for support continues substantially as it was originally." *Ho and Ho*, 93 Or App 421, 424, 762 P2d 344 (1988); *see also Bates and Bates*, 303 Or 40, 733 P2d 1363 (1987). Wife contends that her need for support continues, because we may not consider her new husband's income. She testified that she and her new husband have recently orally agreed that they will not commingle their incomes and expenses and that he will pay only one-half of the household expenses, approximately $450 per month. Husband assigns as error the trial court's failure to consider the income of wife's new husband in setting the spousal support award. It is not possible to tell, however, whether the trial court considered wife's new husband's income when it reduced spousal support to $400 per month. The court's only comment was that, after 29 years of marriage, wife "has earned the money. She's entitled to that." The question on appeal is whether, given the agreement between wife and her new husband, *we* may consider wife's new husband's full income in evaluating the "income opportunities and benefits of the respective parties from all sources." ORS 107.135 (3)(a).

As the Supreme Court said in *Bates and Bates, supra*, in evaluating spousal support awards after remarriage, the first factor to be considered is the "potential shared income" of the parties. 303 Or at 47; *Hall and Hall*, 86 Or App 51, 738 P2d 218 (1987). In the absence of persuasive evidence that wife's new husband's income is not "potentially" available to her, we conclude that it must be considered in evaluating spousal support. Although wife testified that she and her new husband have orally agreed, post-marriage, that he will contribute as much of his income as is necessary to pay only one-half of the household expenses, there is no evidence that his full income is not *potentially* available. Wife and her new spouse should not be permitted to frustrate the ability of the court to determine whether, under all the circumstances, spousal support continues to be necessary to meet the objectives of the original award.[3] Regardless of their oral agreement, under the facts of this case we find no persuasive

---

[3] In response to the dissent's assertion that we do not explain why we reject wife's evidence, the fact of the matter is that we do not reject that evidence. We simply hold that such evidence, standing alone, is not sufficient to establish that her new husband's full income is not potentially available to her.

evidence in this record that wife's new husband's full income is not *potentially* available to them. In considering it, we find, on *de novo* review, that wife no longer needs support from husband. Accordingly, spousal support is terminated.

Remanded with instructions to enter an order terminating spousal support. Costs to husband.

**De MUNIZ, J.,** dissenting.

I dissent. The majority makes a strained reading of *Bates and Bates*, 303 Or 40, 733 P2d 1363 (1987), in order to find a basis on which to terminate the spousal support award here. However, *Bates* does not, as the majority claims, require that, "in evaluating spousal support awards after remarriage, the first factor to be considered is the 'potential shared income' of the parties. 303 Or at 47[.]" 120 Or App at 342. In *Bates*, there was never any challenge, as there is here, to including the new husband's income as part of the equation, and the potential shared income of the new husband was only one of the changes that warranted termination of spousal support. Other "factors" that the court considered were that custody of the parties' child had changed to the husband and that the husband had lost bonuses that he had received at his employment. The court considered that the initial support award was to provide the wife with an economic standard of living not overly disproportionate to the one that she had enjoyed during the marriage, ORS 107.105(1)(d)(M), and that her standard of living remained proportionate without spousal support.

Having elevated "potential shared income" to the only consideration, the majority proceeds to conclude that wife's new husband's "full income is * * * *potentially* available[.]" 120 Or App at 342. (Emphasis in original.) The majority reaches that conclusion without any explanation whatsoever as to why it rejects wife's evidence to the contrary. It simply concludes that there is no "persuasive evidence" that the new husband's income is not available. Without explanation of what evidence it finds is persuasively contrary to wife's evidence, I can only conclude that it believes that the arrangement to which wife testified does not exist or that it wishes that it did not.

The majority ignores that *Bates* stands for the proposition that

"remarriage of a supported spouse will not always supplant the purposes behind the initial award. Support should be terminated when the purposes of the initial award have been met." 303 Or at 46.

As *Bates* makes clear, the decision on whether shared income or potential shared income after remarriage must be considered depends on the facts of the individual case. I do not suggest that a remarried spouse may insulate the new spouse's assets from consideration simply by agreeing to keep assets separate in the new marriage. However, such an arrangement must be evaluated in the light of all the circumstances of the case, including the basis for the spousal support award in the original judgment.

Here, both parties have remarried, and each of the new spouses has income. The trial court did not find that wife's financial arrangement with her new spouse was a subterfuge and, on *de novo* review, I do not either. At the time of the original judgment, husband earned $6,000 a month, and it is not disputed that, during the 29-year marriage, wife had contributed to husband's ability to produce that level of income. Although husband's income has decreased, a decrease had been anticipated. My reading of the reasons for the original award show that, unlike the award in *Bates*, it was not made solely to enable wife to maintain a standard of living not disproportionate to the one she had enjoyed during the marriage. I find no basis to second-guess the trial court's determination that a reduction, but not a termination, of spousal support was warranted. I would affirm.