Argued and submitted February 16, reversed and remanded for entry of modified judgment May 25, 1994

In the Matter of the Marriage of

Linda ESSIG,
*Respondent,*
*and*

Charles William ESSIG,
*Appellant.*

(C91-0397DR; CA A80361)

874 P2d 1357

Conrad G. Hutterli argued the cause and filed the brief for appellant.

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Husband appeals from an order modifying spousal support. On *de novo* review, we terminate spousal support.

The parties ended their 27-year marriage in 1991. The stipulated dissolution judgment awarded wife $400 per month spousal support for five years after the dissolution and then $100 per month indefinitely. At the time of the dissolution, husband's monthly gross income was about $2,800 per month. Wife worked full time and had a monthly gross income of about $900 per month. Husband still earns about $2,800 per month. Wife remarried in 1992 and currently earns about $600 per month working part time. Her husband has a monthly gross income of about $2,500.

Husband brought this action to terminate spousal support, or, in the alternative, to modify it. The trial court reduced wife's award to $200 per month until the end of the five-year period, but did not modify the award of indefinite spousal support. Husband assigns error to the trial court's denial of his motion to terminate spousal support. He argues that wife's remarriage was unanticipated, that her economic circumstances have improved since her remarriage and that the purpose of the spousal support award has been fulfilled.

ORS 107.135(2)(b) authorizes the modification or termination of spousal support if there has been a substantial change in economic circumstances. Although remarriage will not automatically justify termination of spousal support, it is a circumstance that can justify modification or termination of spousal support, if the purposes of the initial award have been met. *Bates and Bates*, 303 Or 40, 46, 733 P2d 1363 (1987).

We may consider the combined income of wife and her husband in determining whether wife's need for support continues "substantially as it was originally." *Ho and Ho*, 93 Or App 421, 424, 762 P2d 344 (1988). At the time of the dissolution, wife's monthly gross income, including spousal support, was about $1,300 per month. There is evidence that wife and her husband commingle their finances and that her husband's income is available to her. The combined monthly gross income of wife and her husband is about $3,100. Both parties testified that the purpose of the spousal support award was to help wife maintain her standard of living, and

that both parties expected wife to "remain on her own" after the dissolution.

We find that the purpose of the award of spousal support ended on wife's remarriage, because wife's economic circumstances improved and her need for support is not the same as it was at the time of the dissolution. There has been a substantial change of circumstances that justifies the termination of spousal support.

Reversed and remanded for entry of modified judgment terminating spousal support. No costs to either party.