Argued and submitted May 18, affirmed September 27, 1995

In the Matter of the Marriage of

Katherine S. BISHOP,
*Appellant,*
*and*

Andrew J. BISHOP,
*Respondent.*

(9109-66969; CA A85093)

903 P2d 383

Thomas A. Bittner argued the cause for appellant. With him on the brief was Schulte, Anderson, Downes, Carter & Aronson, P.C.

Herbert A. Trubo argued the cause for respondent. With him on the brief was Sorenson-Jolink, Trubo, McIlhenny & Williams.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

.

## HASELTON, J.

Wife appeals from a judgment terminating her former husband's spousal support obligation because she had begun living with her boyfriend. She also appeals from a supplemental judgment awarding husband attorney fees and costs. We affirm.

The parties were divorced, after a 15-year marriage, in May 1992. At that time, husband earned $51,600 per year, and wife earned approximately $24,000 per year. The dissolution court ordered husband to pay spousal support to wife of $600 per month for three years, and $250 in the fourth year. Wife was granted custody of the parties' minor child.

In October 1993, wife moved in with boyfriend, who earned more than $150,000 a year. A month later, in November, boyfriend's attorney drafted a "Cohabitation Agreement." The agreement provided that wife would reside in boyfriend's home, and would not be required to pay rent, but that, beginning in January 1994, she could make voluntary contributions towards household expenses.[1] The agreement further provided that the assets, income, and liabilities of the parties would remain separate. Wife retained an attorney to review that agreement but never signed it. Later in January, husband filed a motion to modify the judgment to terminate his spousal support obligation, ORS 107.135(1)(a), (2)(a),[2] because of wife's new living arrangement and substantial financial support she received from boyfriend. On April 12, 1994, two days before the hearing on husband's motion, wife

[1] Wife tendered a $450 check to boyfriend in January 1994, which he did not cash, but she made no other payments under the cohabitation agreement.

[2] ORS 107.135 provides:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage * * * to:

"(a) Set aside, alter or modify so much of the decree as may provide for * * * the support of a party.

"* * * * *

"(2) In a proceeding under this section to reconsider the spousal or child support provisions of the decree, the following provisions apply:

"(a) A substantial change in economic circumstances of a party, which may include, but is not limited to, a substantial change in the cost of reasonable and necessary expenses to either party, is sufficient for the court to reconsider its order of support."

and boyfriend signed a final cohabitation agreement, which contained provisions similar to those in the draft agreement, except that it provided that wife agreed to pay boyfriend "up to $450 per month as her contribution to utilities."

The court granted husband's motion to terminate spousal support for three reasons:

"1.  [Wife] receives an economic benefit from the rental of the former family home.

"2.  [Wife's] cohabitation agreement is illusory.

"3.  [Wife's] standard of living has been increased significantly as a result of her cohabitation with [boyfriend]."

On appeal, wife argues that the court erred in terminating husband's spousal support obligation for two related reasons. First, she argues, her new living arrangement does not constitute a change in circumstances because it is not long-term and does not represent "the economic equivalent of marriage." Second, she contends that, even if the cohabitation is the economic equivalent of marriage, there has been no material change in her circumstances because the initial purpose of the spousal support award remains unsatisfied.

In arguing that her cohabitation arrangement should not be treated as the economic equivalent of a remarriage, wife emphasizes that she and boyfriend had lived together for only six months at the time of the hearing. She further asserts that, as evinced by the cohabitation agreement, they maintained a separation of income, property, and expenses. Those factors, wife reasons, distinguish this case from *Ho and Ho*, 93 Or App 421, 424, 762 P2d 344 (1988), and *Bliven and Bliven*, 106 Or App 93, 95, 806 P2d 177 (1991), in which we affirmed the termination of spousal support awards after the parties became involved in long-term cohabiting relationships.

Wife's "equivalent of marriage" argument misses the mark. Regardless of whether wife's cohabiting with boyfriend bears the economic earmarks of a marital relationship, the ultimate inquiry is whether wife's anticipated living expenses have been materially reduced because of her new living arrangement and whether that arrangement is likely to continue. *See Bliven*, 106 Or App at 96 (court compared wife's available income at the time of dissolution with available

income at the time of modification in determining whether husband's spousal support obligation should be eliminated).[3]

Here, because of the cohabitation, wife's reasonable living expenses are substantially less than those projected at the time the dissolution judgment was entered. In particular, wife is living rent-free with boyfriend and, thus, is not incurring housing expenses.

At the time of the dissolution, wife remained in the family home. Her Uniform Support Affidavit from that time reflects costs associated with that home. However, the dissolution court ordered the home sold. After the sale, wife repurchased the home and continued to live there. When wife moved into boyfriend's home, she rented her own home, receiving sufficient rental income to cover the costs associated with that home. Thus, the rental was a "wash," and wife, in moving, incurred no housing expense. Indeed, the cohabitation agreement specifies that wife has no obligation to pay rent, and the provision allowing her to pay "up to" $450 per month applies, by its own terms, to utilities. Wife's own testimony that her current budget is substantially less than that anticipated by the dissolution court further supports the conclusion that her economic circumstances have changed.[4]

The substantial reduction in wife's expenses appears likely to continue. Although wife and boyfriend had lived together for only six months, she testified that she expected the relationship to continue indefinitely. Moreover, the fact that wife and boyfriend signed a cohabitation agreement

---

[3] *Ho* and *Bliven* do not conclude that a relationship *must* be the functional equivalent of marriage to support an order terminating spousal support. Rather, those cases indicate that, if a cohabitation relationship is the functional equivalent of marriage, that relationship may be considered in the same light as remarriage when considering the modification of a spousal support award. However, even in those cases, it is not the fact of cohabitation or remarriage that creates the change in circumstances; rather, the dispositive consideration is the economic impact of the new or changed relationship. *Bates and Bates*, 303 Or 40, 46, 733 P2d 1363 (1987) (remarriage, alone, does not automatically result in changed economic circumstances requiring termination of a spousal support award); *Fouts and Fouts*, 98 Or App 483, 779 P2d 145, *rev den* 308 Or 660 (1989).

[4] Wife points out that her income has decreased substantially since the initial dissolution decree. However, that change was anticipated at the time of dissolution; indeed, it was that anticipated change which, in part, prompted the spousal support award.

indicates that they anticipate something more than a transient relationship. Indeed, the cohabitation agreement specifies that it is effective through 1998.

Wife argues, nonetheless, that spousal support should not be terminated because the purposes of the initial award have not been met. The parties do not dispute that the award was intended to assist wife in completing a three-year master's degree program and to provide her with a year of transitional help while she looked for full-time employment. Wife argues that, because boyfriend does not contribute to her education costs, husband's support obligation remains unchanged. Husband counters that the purpose of support was to help wife "offset her reasonable and necessary expenses while she was attending school" and that his support obligation should be terminated because wife's living arrangement enables her to complete her education and maintain a standard of living commensurate with, or greater than, that provided for in the original decree. The trial court agreed with husband, and so do we.

The trial court noted that the dissolution court had made the following comments regarding the spousal support award:

> "And the decree that is prepared in this case will state that her ceasing to change her employment is relevant to the ongoing issue of spousal support, not because [husband] is supporting her school effort, because he is not actually paying anything for her to go to school, but because the court is not expecting [wife] to look to maximize her income during the early years of the spousal support obligation because she will be very involved in going to school. So that if [wife] decides that she does not want to get into social work and drops out of school, then that would be a basis for reevaluation of the entire package for the reasons I have already stated."

Those comments demonstrate that spousal support was intended to be a form of income supplementation, aimed at maintaining wife's standard of living while she pursued her education. Because of wife's changed circumstances, that goal can be achieved without spousal support. The court properly terminated husband's spousal support award.

Finally, wife challenges the award of attorney fees to husband. ORS 107.135(7) provides that the court "may assess against either party a reasonable attorney fee." We review for abuse of discretion, *Grady and Grady*, 128 Or App 114, 118, 875 P2d 1174 (1994), and conclude that the court did not err.

Affirmed. Costs, not including attorney fees, to husband.