Argued and submitted January 30, judgment modified and remanded; otherwise affirmed on appeal and cross-appeal June 19, 1991

# In the Matter of the Marriage of

## David Darryl RAE,
*Appellant - Cross-Respondent,*

## *and*

## Louise Marie (McGregor) RAE,
*Respondent - Cross-Appellant.*

### (87-1804; CA A64594)

813 P2d 1107

Frederick L. Bennett, Jr., Newport, argued the cause for appellant - cross-respondent. With him on the briefs was Bennett & Seifert, Newport.

Michael J. Bandonis, Newport, argued the cause for respondent - cross-appellant. With him on the brief was Minor, Beeson & Boone, P.C., Newport.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Riggs, J., concurring in part; dissenting in part.

## EDMONDS, J.

Husband appeals and wife cross-appeals an order modifying the judgment dissolving their marriage. On *de novo* review, we modify the order.

In August, 1988, the parties' 19-year marriage was dissolved. They had two children. At the time of the dissolution, husband's gross earnings were approximately $50,000 per year from Central Lincoln PUD, where he had worked for 18 years. He was living with his future spouse and her son. Wife had been a full-time mother and homemaker during the marriage. Other than a 16-month period at the beginning of the marriage, she had not been employed outside the home. She has a high school education but no other training or experience. After the parties separated, she worked part-time as a receptionist. At the time of the dissolution, she had an annual income of approximately $4800. The judgment awarded custody of the children to her and granted her child support of $325 per month per child. It also ordered husband to pay permanent spousal support.[1] The trial judge said:

> "The reason for the spousal support payments are that one, the wife is a high school graduate but has had no significant education or training after high school and has had no significant work experience or work training and is not likely to in any way be able to obtain a job which would make her income anywhere near what [husband's] income presently is. [Husband's] net income is presently over $3000 per month and will likely increase. [Wife] is young enough that she can train herself or be trained on the job or get some education to improve her ability to earn income, however it is unlikely and improbable that [she] will at any time during her lifetime even begin to approach the amount of income that [husband] is able to earn. I have also considered the age of [wife], which is 39, and the fact that child support while it will be due until each child reaches 18, or is a child attending school, as defined by the statute, [husband] will be in a better financial situation because of the domestic associate who is presently residing in his home. While that domestic associate has no responsibility for support of [his] children, there is income there in the household which relieves the [husband] of some of the burden of a separate home."

---

[1] Husband was required to pay spousal support of $600 per month until July, 1993, and $450 per month thereafter.

The court also awarded wife a $13,000 judgment, which was the value of half of husband's retirement fund; however, it provided that she could not execute on the judgment until August 17, 1991.

Husband remarried in September, 1988. His gross earnings were $49,935 in 1988 and $49,071 in 1989. His new spouse earned $17,420 in 1988 and $15,062 in 1989. She also received $275 per month in child support. In September, 1989, wife became employed full-time as a pre-school assistant, with a salary of $800 per month for approximately 10 months each year. Her gross income was $4,417 in 1988, and $5,150 in 1989. She remarried in October, 1989. She also obtained medical, dental and optical insurance through her new spouse's employment. Her new spouse earned $23,275 in 1988 and $27,192 in 1989, as well as receiving $140 per month from rental property.

The judgment was modified by mutual agreement in August, 1989, and husband was granted legal custody of the youngest child, who was 16 years old. The modification excused wife from paying child support for that child. Husband did not request child support, and he agreed to continue to pay $325 per month support for the child in wife's custody, who was 18 years old and planned to marry in June, 1990.

In November, 1989, husband moved to terminate his spousal support obligation and requested child support from wife. The court modified his spousal support obligation so that it would terminate June 15, 1994. The court said:

"The court understands that there must be a period of time during which [wife] could seek retraining or education to enable her to improve her employment, and therefore, her financial situation. The amount of the award should properly reflect the salutary purposes of spousal support, particularly in the case where a spouse does not have marketable job skills.

"There is no evidence justifying a reduction in the amount of spousal support originally ordered, but the Court orders that it terminate June 15, 1994. This enables [wife] four years from the date her remaining child leaves the nest to seek and obtain training to integrate her into the job market."

The court declined to award child support to husband but modified the judgment by postponing the date on which wife could execute on it to June 16, 1994.

■        Husband asserts that the trial court erred in failing to terminate his spousal support obligation as of November, 1989. He argues that, because wife has remarried and has the benefit of her new spouse's income, she no longer is entitled to spousal support. Wife argues that, because the purposes of the spousal support award have not been satisfied, the court correctly refused to terminate it.

■■        A party moving for modification of a spousal support award must show a substantial change of circumstances and that the change was not contemplated at the time of the last modification. *Johnson v. McKenzie,* 100 Or App 640, 643, 787 P2d 1306 (1990); *see* ORS 107.135(2)(a).[2] Remarriage of either or both parties constitutes a change of circumstances that may warrant modification of support according to the factors in ORS 107.105(1)(d). If the original award was designed to enable the obligee spouse to maintain a standard of living not overly disproportionate to that enjoyed during marriage, ORS 107.105(1)(d)(M), the analysis focuses on the potential shared incomes of the parties. *Bates and Bates,* 303 Or 40, 733 P2d 1363 (1987); *see also Fouts and Fouts,* 98 Or App 483, 488, 779 P2d 145, *rev den* 308 Or 660 (1989).

Here, the initial award of spousal support was intended to compensate wife for her lack of training, education and employment skills and substantially lowered earning capacity that resulted because of her absence from the job market. Those purposes are fulfilled in part by her remarriage and her full-time employment, beginning in September, 1989. During their marriage, husband and wife had a shared gross income of approximately $50,000 and a household of four persons. At the time of this proceeding, wife and her new spouse have a potential shared income of approximately

[2] ORS 107.135(2) provides, in part:

"In a proceeding under this section to reconsider the spousal or child support provisions of the decree, the following provisions apply:

"(a) A substantial change in economic circumstances of a party, which may include, but is not limited to, a substantial change in the cost of reasonable and necessary expenses to either party, is sufficient for the court to reconsider its order of support."

$34,000, excluding child and spousal support. Their household consists of three persons. Under these circumstances, we reduce wife's spousal support to $100 per month.

■    We reject the court's termination of spousal support as of June, 1994. Despite the change of circumstances, the disparity in the parties' earning ability contemplated by the trial court continues, albeit to a lesser degree. In the light of that continued disparity and in the absence of any other circumstance that would justify modification of the award of spousal support, the court erred in limiting the duration of husband's obligation.

■■    Husband next asserts that the trial court erred in failing to require wife to pay child support. To modify the award of child support, husband must prove that there has been a substantial change in a party's economic circumstances that was not contemplated by the parties at the time of the last support modification. *Richmond and Richmond,* 103 Or App 55, 58, 795 P2d 1104 (1990); *see* ORS 107.135(2)(a). Husband did not seek child support when he gained custody of the youngest child in August, 1989. Ten weeks later, he filed this motion. He argues that the changes during that period warrant imposition of a child support obligation on wife: her full time employment and remarriage in September, 1989; the impending marriage of her dependent child; and her acquisition of medical, dental and optical insurance. We are not persuaded that those changes were unanticipated by the parties when the court modified the judgment in August, 1989, or that they bear so materially on the economic circumstances of either party as to justify wife's being required to pay child support.

■    On cross-appeal, wife asserts, and husband concedes, that the court erred in postponing the date on which she could execute on the $13,000 judgment awarded in the original dissolution proceeding. The court had no authority to modify the property division provisions of a dissolution judgment. *Spady v. Graves,* 307 Or 483, 488, 770 P2d 53 (1989). It erred in doing so.

Judgment modified on appeal to reduce wife's spousal support to $100 per month beginning on March 28, 1990, and, on cross-appeal, to restore date on which wife may

execute judgment against husband to August 17, 1991; remanded for entry of appropriate amended judgment; otherwise affirmed on appeal and on cross-appeal. Costs to neither party.

**RIGGS, J.,** concurring in part; dissenting in part.

I agree with the majority's conclusions regarding child support and the date on which wife may execute the judgment against husband; however, I disagree with the decision to continue spousal support for wife. Although the majority states the correct test from *Bates and Bates,* 303 Or 40, 773 P2d 1363 (1987), it misapplies it and, therefore, reaches an incorrect result.

The initial spousal support award represented the trial court's assessment of the amount and duration of support necessary to meet the considerations enumerated in ORS 107.105(d). *Bates and Bates, supra,* 303 Or at 45. Although no particular provision of ORS 107.105(d) was identified in the initial award, the order and the majority's reading of the purpose behind the award strongly suggest that support was awarded to fulfill the purpose stated in ORS 107.105(d)(F).[1] The statute provides that, in making a spousal support award, the court shall consider:

> "The extent to which the present and future earning capacity of a party is impaired due to the party's extended absence from the job market to perform the role of home-maker, the extent to which suitable job opportunities are unavailable to a party considering the age of the party and the length of time reasonably anticipated for a party to obtain training or updating of career or job skills. In the case of a party's extended absence from the job market to perform the role of homemaker, where it is likely that the party will never substantially recover from the loss of economic position due to the extended absence, and where the other party has, during the marriage, achieved a substantially advantageous economic position through the joint efforts of the parties, the court may award the disadvantaged party support as compensation therefor, *so that the standard of living for the*

---

[1] Although *Bates* says that some of the purposes of ORS 107.105(d)(F) continue after remarriage, 303 Or at 44, the statute was amended after *Bates* and now expressly states that the court may award support under this provision "so that the standard of living for the disadvantaged party will not be overly disproportionate to that enjoyed during the marriage."

*disadvantaged party will not be overly disproportionate to that enjoyed during the marriage,* to the extent that that is practicable[.]'' (Emphasis supplied.)

Spousal support should be terminated when the purposes of the initial award have been met. *Bates and Bates, supra,* 303 Or at 46. The majority disagrees with the lower court's termination of support, because ''[t]he disparity in earning ability contemplated by the trial court continues despite the changes in circumstances.'' *Rae and Rae,* 107 Or App at 731. However, the purpose of compensation for this type of disparity is to enable the disadvantaged spouse to achieve a standard of living not overly disproportionate to that enjoyed during the marriage. In the initial award of support, the trial court determined the amount necessary to enable wife to achieve that standard of living, and that amount is presumptively the most equitable arrangement. *Bates and Bates, supra,* 303 Or at 47.

At the time of the dissolution, wife's annual income, including the maximum award of spousal support and child support, was approximately $20,000,[2] with a family of three persons. After remarriage, her shared income, *not* including spousal or child support, is approximately $34,000, *Rae and Rae,* 107 Or App at 730-31, with a family of three persons.[3] That is a substantial change in her economic circumstances. Continuing spousal support gives her significantly more money than the trial court found to be the most equitable distribution of income at the time of the dissolution.

I believe that spousal support should be terminated, not merely because wife has remarried, but because wife's shared income has increased substantially above the amount that the trial court determined was needed to meet the purposes of ORS 107.105(d)(F).

---

[2] This includes wife's approximate earnings of $5,000, plus $7,800 child support, plus $7,200 maximum spousal support.

[3] Husband now has custody of the parties' youngest child.