Argued and submitted February 6, affirmed April 30, 1997

In the Matter of the Marriage of

Donna R. ARNOLD,
*Respondent,*
*and*

Larry A. ARNOLD,
*Appellant.*

(93-0267; CA A94079)

938 P2d 771

Edward L. Daniels argued the cause and filed the brief for appellant.

Patrick L. Hadlock argued the cause for respondent. With him on the brief was Ringo, Stuber, Ensor & Hadlock, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Husband appeals from the trial court's order denying his motion to terminate spousal support immediately and instead terminating it as of the month after wife turns 64. He argues that there are sufficient changed circumstances to justify ending his support obligation. On *de novo* review we affirm.

When the parties' 24-year marriage was dissolved in 1993, husband was earning $5,229 per month and wife was unemployable because of psychological problems. Husband is now earning $5,826 per month, while his present wife earns $1,300. Wife has obtained part-time work that pays about $780 per month and provides medical benefits. As part of the dissolution judgment, the court entered a qualified domestic relations order (QDRO) that divided husband's Public Employes Retirement System (PERS) account equally between the parties. It also awarded wife $1,500 per month permanent spousal support, from which she would pay her medical insurance.

At the time of the dissolution, husband intended to retire in three years, when he would turn 50; the judgment expressly provides that his retirement will be a change of circumstances. Shortly after the court entered the judgment, a new statute permitted segregating husband's PERS account into two separate accounts, which would allow wife to receive benefits as soon as husband became eligible to retire, whether or not he did so. *See* ORS 238.465.

Husband turned 50 in 1996 but concluded that he could not afford to retire at that age because paying spousal support prevented him from reducing his debts sufficiently to retire. He therefore suggested that wife execute a modified QDRO that would segregate the PERS account in accordance with the statute, that she begin receiving PERS payments immediately, and that she allow husband to terminate spousal support. If she agreed, wife, who is presently 59, would have received $1,769.55 per month from PERS, which is slightly more than she would receive under the dissolution judgment if husband had retired as anticipated. On the other

hand, wife will receive $2,422.39 per month under the judgment if she waits to receive it at her normal retirement age of 64; under the new statutory arrangement she would receive $2,921.24 per month at age 64.

■ Husband filed this motion to terminate spousal support when wife rejected the proposed modification. He argued that his asserted inability to retire as anticipated, the change in the law, and wife's apparent ability to be employed and to obtain medical insurance constituted a change of circumstances. The trial court terminated spousal support as of the first month after wife's 64th birthday. Wife does not challenge that action. Husband argues that spousal support should terminate immediately, whether or not he retires immediately.

■ The parties recognize that the division of husband's PERS account is a property award and, as such, is not modifiable. *See Colling and Colling*, 139 Or App 16, 22, 910 P2d 1165, *rev den* 324 Or 78 (1996); *Rae and Rae*, 107 Or App 726, 731, 813 P2d 1107 (1991).

We conclude, as did the trial court, that the purposes for the spousal support award, and husband's ability to pay it, are essentially unchanged from the date of dissolution and support should not otherwise be terminated.

Husband's theory is that wife should be required to execute a modified QDRO to give wife access to her share immediately, thus creating a present change of circumstances so that support can be terminated. As we said, we have no authority to modify a property distribution and have no authority to require wife to agree to one. Here husband retains the ability to pay spousal support, at least until he actually retires. Wife, not surprisingly, prefers to wait as long as possible—either until husband retires or until she turns 64—before beginning to draw on her PERS rights. That delay would allow her to maximize her retirement income. Although the dissolution judgment provides that husband's retirement would be a change of circumstances, which presumably would justify a reexamination of spousal support, husband has not retired.[1] Rather, husband wants wife to

---

[1] The changes in wife's income and ability to obtain medical insurance are not themselves sufficient to justify the termination of spousal support, especially in

agree to a modification of the property distribution so that he can use the money that presently goes to her spousal support to pay off his debts, purportedly in anticipation of retirement, at the cost of reducing wife's permanent retirement income. In the absence of a change of circumstances, we will not require wife to subsidize husband in that fashion.

Affirmed. Costs to wife.

---

light of husband's increased income and remarriage. Husband does not seek to have the amount of spousal support reduced.